N. O. PILGRIM, Appellee, v. CHARLES E. BROWN, Appellant.

**NEGLIGENCE: Per se—Rule to Determine.** Negligence *per se* only results from conduct so opposed to the dictates of common prudence that it can be said without hesitation or doubt that no careful person would have committed it.

PRINCIPLE APPLIED: Plaintiff was going east on the right-hand side of the street, at ten miles per hour, in obedience to an ordinance so limiting speed. Defendant was going north on right-hand side of intersecting street at a rate of speed much in excess of that permitted by said ordinance. Another ordinance provided that when two vehicles approached each other on intersecting right-angled streets, at such speed as to bring them together at the same time, the vehicle on the right shall have the right of way. Defendant, when discovered by plaintiff, was two or three times farther away from the intersection than plaintiff. Near the middle of street crossing the plaintiff noticed defendant's rapid approach and veered his car diagonally to the northeast, and increased his speed in order to avoid collision. At same instant of time defendant, realizing the danger, applied brakes and turned his car in a direction east of north. Result,

collision; all happened within three seconds. *Held*, court could not say that plaintiff was negligent *per se*.

**NEGLIGENCE:** Emergencies—Failure to Take Safest Course.
2 Failure of one, confronted with sudden peril, to take the safest course available to extricate himself is not necessarily negligence. (See facts above.)

**STATUTES:** Literal Construction—Evident Object of Statute. The
3 evident purposes of a statute may demand an interpretation other than a literal one.

PRINCIPLE APPLIED: Sec. 1571-m20, Supp. Code, 1913, empowers cities and towns to enact ordinances limiting the speed of automobiles, on condition that signs indicating the speed limit be placed on highways "*where*" the city or town line crosses the highway. *Held*, the evident purpose of the provisions in regard to signs is to warn drivers and protect the public in the use of the streets, and that such signs were not required to be exactly "where" the town line crosses the highway. In case at bar the sign, within the city but 500 feet from "where" the city line crossed the street, was held properly located.

**MUNICIPAL CORPORATIONS:** Ordinance—Validity—Matters de
4 Hors. Whether the failure to erect the signboards of speed limit, as provided in Sec. 1571-m20, Supp. Code, 1913, affects the validity of a speed-limit ordinance enacted thereunder or relieves from the penalty of the ordinance those misled by the absence of such sign, or affects the rule as to negligence *per se*, *query.*

**NEGLIGENCE:** Compliance with Law—Right to Presume. Plain-
5 tiff cannot be held to be negligent for not giving defendant the right of way at a street intersection, as required by an ordinance, when the necessity for giving such right of way was occasioned by defendant's violation of an ordinance limiting the speed of vehicles, plaintiff having the right to presume that defendant would not violate such law.

**WITNESSES:** False Testimony—Effect. Falsely testifying to one
6 material fact justifies the rejection of the entire testimony of the witness, "except in so far as it might be corroborated by other credible testimony,"—the word "testimony" including, of course, "the circumstances shown in evidence," and it is not necessary for the instructions to so state.

*Appeal from Grinnell Superior Court.*—HON. P. G. NORRIS,
Judge.

SATURDAY, DECEMBER 19, 1914.

AN automobile owned and driven by the defendant, and another owned and driven by the plaintiff came into collision upon a public street in the city of Grinnell with more or less resulting injury to the car last mentioned. Plaintiff, claiming the collision and injury to his car were occasioned by the defendant's negligence without fault on his own part, brought this action at law for the recovery of damages.   Verdict and judgment for plaintiff for $85 and defendant appeals.— *Affirmed.*

*Bray, Shifflet & Lake,* for appellant.

*J. H. Patton,* for appellee.

WEAVER, J.—Concerning the fact that a collision occurred and that plaintiff's car suffered some injury there is no dispute, but appellant makes the point that such injury is

**1. NEGLIGENCE :** *per se:* rule to determine.

chargeable to the negligence of the appellee himself.   The evidence tends to show that Main Street in the city of Grinnell extends north and south and is crossed at right angles by Sixth Avenue.   Both streets are paved and curbed, the paved roadway on Main being thirty feet in width and that on Sixth, twenty-four feet.   At the time in question plaintiff was driving his car along the right hand curb of Sixth Avenue approaching Main Street from the west intending to continue his course over the crossing and onward to the east.   At the same time defendant was approaching the same street intersection from the south along the right hand curb of Main Street intending to continue his course to the north.   The appellant's car was being operated at a much higher rate of speed than plaintiff's.   As a witness in his own behalf defendant estimates the speed of his car at eighteen miles per hour and that of plaintiff's at ten miles per hour.   According to other witnesses the difference was greater than appellant

estimates. The plaintiff's testimony is to the effect that when he was within about fifty feet of the crossing he saw appellant coming north on Main Street at a considerably greater distance. When about in the middle of the crossing he noticed the appellant's rapid approach and veered his car diagonally to the northeast in the direction of the north curb of Sixth Avenue east of Main Street and increased his speed thinking thus to clear the crossing without a collision. At about the same instant the appellant realizing the danger swung his car to the right or in a direction east of north. As a result of these maneuvers the two cars moved along converging lines in the direction of the north curb of Sixth Avenue where collision was plainly imminent. Appellant applied his brakes and sought to stop but the momentum of both cars was too great and they collided. The collision took place close to the north curb of Sixth Avenue and after plaintiff's car had fully cleared the crossing of the paved roadways. The time covered by these occurrences was very short, the interval between the entrance of the parties upon the crossing and the crashing of the vehicles together was probably not more than two or three seconds. Some of the incidents we have related are the subject of dispute but the testimony is sufficient to sustain a finding of their truth by the jury.

I. Upon such a showing we are of the opinion that the question whether plaintiff exercised due care for his own safety was not a matter of law and the court did not err in submitting it for a verdict. It appears from the evidence that the city of Grinnell has an ordinance regulating the use of auto-cars upon the public highways and fixing the maximum allowable rate of speed at ten miles per hour or one mile in six minutes. Plaintiff was concededly observing this limit in the operation of his car and was justified in assuming that the drivers of other cars would do likewise. If then as he came up to the crossing he saw appellant approaching on Main Street but at such distance that if both drivers were observing the lawful limit of speed plaintiff could reasonably

expect to make the crossing in safety without waiting for the passage of appellant's car, then he was not negligent in going ahead unless he saw or knew, or reasonably ought to have seen and known, that appellant was bearing down on the crossing at such excessive speed or in such manner that common prudence or ordinary care for his own safety required him to stop.  There is nothing in the record upon which we can hold as a matter of law that plaintiff was aware, or ought to have been aware, of the high rate of speed of appellant's car or that in the exercise of reasonable care he should have known of the increased hazard to which he was exposing himself.  It is argued, however, that plaintiff hav-

2. NEGLIGENCE: emergencies: failure to take safest course.

ing testified that he increased his speed and that had he stopped the collision might have been averted he thus convicts himself of negligence or recklessness.  In our judgment the conclusion of negligence as a matter of law is unwarranted.  According to plaintiff's statement he did not increase his speed until he reached the middle of the crossing when he was first aware of the rapid approach of the appellant and realized the necessity of doing something to avoid a collision.  There were but two courses open to him—to stop and permit appellant to pass ahead of him or to spurt forward and clear Main Street roadway for appellant's use.  He was compelled to decide and to act instantly and his decision in such sudden emergency to pursue the latter course is not so palpably wrong that we can say he did not do what any other person of ordinary prudence and experience would have done under the same circumstances.  There was nothing to suggest to him that if he sprang ahead to clear the crossing appellant's car would be swung to the right into Sixth Avenue and into the line of his movement instead of keeping to the left along its proper course up Main Street.  He was not bound at his peril to anticipate such an act on appellant's part.  Whether he acted with the prudence and caution of the ordinary person is a matter upon which fairminded men may differ, and it is there-

fore not within the province of the court to pronounce upon it as a matter of law.

II. The court charged the jury that appellant should be held guilty of negligence if he was operating his car in excess of the ordinance limit of speed. Error is assigned upon this instruction because it is said the ordinance re-

3. STATUTES: literal con- struction: evi- dent object of statute.

ferred to is void. The point of the objection is that the statute giving cities and towns the right to enact such regulations (Ch. 72, 34 G. A., Sec. 21) contains according to appellant's construction a provision by which an ordinance of this nature shall be of no effect unless the city shall have first erected certain sign posts on which there shall be painted or placed a notice of the speed regulation, and that the city had not complied there- with. So much of that statute as is here involved reads as follows:

"Sec. 21. The local authorities of cities and towns may limit by ordinance, rule or regulation the speed of motor vehicles on public highways, such speed limitations not to be in any case less than one mile in six minutes, and the maintenance of greater speed for one-eighth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent, and on further condition that each city and town shall have placed conspicuously on each main public highway where the city or town line crosses the same, and on every main highway where the rate of speed changes, signs of sufficient size to be easily readable by a person using the highway, bearing the words, "CITY OF ———. SLOW DOWN TO —— MILES (the rate being inserted)."

The argument is that the erection of such signs or warn- ings is a condition precedent to the enactment of such ordi- nance or at least a condition precedent to its enforcement and it is alleged by counsel that the evidence shows that this requirement has not been complied with.

The testimony offered by appellant in support of this defense is in the form of a concession made by counsel of the respective parties in the course of the trial below which reads as follows:

CONCESSION: It is conceded that on the 25th day of November, 1912, the sign post on West St., a main traveled public highway, leading north from the City of Grinnell was located 503.25 feet south of the intersection of the line of the City with Main St., and was located on the west side of West St., at a point where Tenth Ave. intersects with West St., Tenth Ave. being one block south of the north line of the City of Grinnell.

The abstracts disclose no more upon this proposition than that above shown but both parties in argument go outside of the record with statements and plats tending to show that signs of the prescribed character are placed upon eleven highways entering the city from surrounding territory and that they are all placed at the city line except in a few instances where for some reason they are planted at short distances inside the border line, the most material variation in this respect being the one of which proof was made in the trial where the post stands 503 feet or one block south of the north boundary of the city. The sole question here to be considered is whether the misplacement of this one sign or warning—if it be a misplacement—renders the ordinance void and the regulation of no force or effect.

We are satisfied that the objection is without merit. It is not altogether clear from the statute whether the legislature intended to make the validity of the ordinance depend

4. MUNICIPAL CORPORATIONS: ordinance: validity: matters *de hors*.

upon the city's compliance with the requirement for signboards, or to relieve from the penalties of the ordinance such persons as might be misled or deceived by the absence of the prescribed warnings, or that the presumption of negligence attached to the driving of a motor car at a greater speed

than the regulation allows should be applicable only in cases where the city has performed its duty in this respect. But if either of the several constructions be adopted the result of the case in hand must be the same. The evident purpose of the provision for the display of signs at the entrance to the cities is to give warning to car drivers that they may not unwittingly violate municipal regulations. They also, to some extent, tend to protect the general public in the use of the city streets against the perils caused by the reckless or thoughtless operation of such vehicles. It cannot be supposed there was any legislative intent to make the validity of a municipal regulation of this character depend on the question whether a nice or accurate survey shall find all the several signposts surrounding the city planted squarely upon the boundary line. Conditions—topographical and otherwise—may be such that a sign displayed at a point on the highway a little inside the boundary will serve its intended purpose much more effectively than one standing on the extreme border. Again we may suppose a case where a road enters a city at a point, say for example, a few feet or rods south of the northwest corner of the municipal territory and another enters at a point a few feet or rods east of such corner, the two coming together at a short distance inside the city limits and continuing thence as one main highway. Will not a sign of the prescribed character placed at the junction of these ways be a fair and substantial compliance with the statutory direction? We think that in all reason this inquiry must be answered in the affirmative and that in general a substantial compliance is sufficient to make the regulation of speed effective.

Still again there is nothing in the statute to prevent a city, if it shall so elect, from limiting its speed regulations to some defined part of its territory and leaving the rest open and unregulated by anything but the general laws of the state. Many of our cities and towns embrace within their limits very considerable margins of agricultural or other lands not yet thickly settled where there is little or no occa-

sion for the application of city regulations governing the speed of cars. Should any given municipality under such conditions adopt speed regulations making them applicable only to that part of its territory occupied by the city proper it would be most unreasonable to say that, to make them effective, sign-posts must be placed out upon the boundary line and within territory which is exempted therefrom. There is no claim or pretence in the present case that the appellant or any other person was or could be misled to his prejudice by the fact that a single one of the signboards surrounding the city was placed a short distance inside the boundary or that such sign was not so situated as to be open and visible to every person entering the city from that direction. The validity of the ordinance must therefore be upheld.

III. Appellant introduced in evidence an ordinance which among other things provides:

5. NEGLIGENCE:
compliance
with law:
right to pre-
sume.

"Sec. 2. Whenever two vehicles ap-proach each other on different streets, avenues, alleys or public ways intersecting each other at right angles, and the two vehicles are trav-eling at speeds that will bring them simultaneously to such intersection, the vehicle on the right shall have the right of way."

It is argued that under this regulation it was plaintiff's duty to give appellant the right of way over the crossing and failing so to do he was negligent.

It may be conceded that this ordinance is valid and that plaintiff was charged with the duty of observing it but we are of the opinion that there is nothing in the record to uphold a finding that he violated such duty. It is shown with-out substantial controversy that when plaintiff approached the crossing he was moving within the allowable speed limit of ten miles per hour and that appellant was at least two or three times farther away from the point where their paths would intersect. The plaintiff under such circumstances had,

as we have already said, the right to assume that appellant was keeping within said lawful limit and that the two vehicles were traveling at speeds which would not "bring them simultaneously to such intersection"; unless indeed he knew or ought to have known that appellant was in fact coming on at such an excessive speed as was likely to bring about a collision and of that we think there is no evidence. The ordinance does not and reasonably could not charge a driver who is observing the law of the road to discover at his peril the approach of one who is violating that law and yield him the right of way. Indeed it is open to serious doubt whether a driver can unlawfully convert a public street into a race course or speedway and escape liability on the plea that a person who is thereby injured while in lawful use of such street ought to have been more careful.

The trial court charged the jury in substance that if when plaintiff drove upon the crossing he knew or by the exercise of ordinary care ought to have known that appellant was approaching at such rate of speed as would bring them together at the intersection his failure to stop or slow up would defeat his right of recovery. The jury were also told that while the ordinance in question will justify the driver on the right in assuming that the driver on the left if he knows or ought to know the danger of meeting at the intersection will yield him the right of way, yet this will not excuse the driver on the right from the duty to exercise reasonable care to avoid injury to others. These instructions are to say the least as favorable to appellant as he was entitled to and the giving of them was without prejudice to the defense.

IV. The court also charged the jury that if it found that any witnesses had testified falsely to any material fact the testimony of such witness might be entirely disregarded "except in so far as it might be corroborated by

6. WITNESSES: false testimony: effect.

other credible testimony." This is said to be error because it does not inform the jury that such witness may be corroborated by circumstances as well as by testimony.

We concede that the necessary corroboration may be afforded by circumstances, but it is by such circumstances only as have been revealed in testimony admitted on the trial. Cirumstances so shown *are* testimony and an intelligent jury could have been in no manner misled or confused upon so simple a proposition.

The case involves but a small amount of damages but has been contested on either side with great zeal and determination. So far as we can ascertain from the record the parties have had a fair hearing and there is no good ground shown for prolonging the controversy by ordering a new trial. The judgment below is therefore—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.