Town of Hedrick, Appellee, v. Fred Lanz, Appellant.

MUNICIPAL CORPORATIONS: Ordinance—Validity—Contravening Policy of State. A municipality is but a creature of the state, with powers always subservient to the powers and policy of the state. It has no power to forbid or punish that which state law or state policy expressly or impliedly permits.

PRINCIPLE APPLIED: For many years, the policy of the state, as reflected in Sec. 1571, Sup. Code, 1913, was to prohibit and punish the act of running traction engines over bridges, culverts and crossings without planking; that is, unless planks of certain dimensions were placed under the wheels. Ch. 102, Acts 33 G. A., repealed this section by providing that until November 1, 1910, no such engine should be run over any such bridge, culvert or crossing without planking the same. *Held,* this repeal determined the policy of the state in this particular; was, in effect, a declaration that after said date engines might be run over crossings without planking the same; and an ordinance of a town requiring such planking after said date was null and void.

*Appeal from Keokuk District Court.*—Hon. John F. Talbott, Judge.

MONDAY, MAY 17, 1915.

THIS is an appeal from a judgment of conviction based upon a violation of a city ordinance prohibiting the driving of traction engines over street crossings without planking the same.—*Reversed.*

*E. G. Moon* and *D. W. Hamilton,* for defendant and appellant.

*Stockman & Baker,* for appellee.

1. MUNICIPAL CORPORATIONS: ordinance: validity: contravening policy of state.     GAYNOR, J.—The defendant was arrested for a violation of an ordinance in the city of Hedrick, tried and convicted, and from the judgment of conviction, appeals to this court.

In the information upon which he was convicted, it is alleged that on the 20th day of June, 1913, he wilfully and unlawfully drove a traction engine over, upon, and across a certain street crossing, without placing, and keeping continuously placed, a plank or planks under the wheels of said traction engine while driving the same over the crossing.

The ordinance under which he was convicted provides:

"It shall be unlawful for any person or persons owning or operating a traction engine within the town limits of the incorporated town of Hedrick, Iowa, to cross any bridge, culvert, street crossing, or alley crossing, with such engine unless sound, strong planks, not less than one foot wide and two inches thick, be placed and kept continuously under the wheels of such engine while crossing such bridge, culvert, street or alley crossing; and no traction engine having mud lugs or ice spurs attached to its wheels shall be moved over any bridge, street, or alley crossing within the limits of the said incorporated town."

The trial was had upon an agreed statement of facts, as follows: That on the 20th day of June, 1913, the defend-

ant drove a traction engine over, upon and across a certain street crossing on the main street, within the corporate limits of the town of Hedrick, without continuously planking under the wheels of said engine while driving the same over the crossing; that there were no lugs or spurs attached to the wheels of the engine; that the wheels were shod with common traction engine cleats; that the walk over which the defendant passed was not damaged; that the weight of the engine was 15,400 pounds.

A jury was waived and the cause tried to the court. At the conclusion of the evidence, the defendant moved to be discharged for the following reasons:

1. That but for the ordinance, defendant has committed no offense.

2. That the passage of the ordinance was beyond the power of the city.

3. That the ordinance is contrary to and in violation of the state law.

4. That the ordinance seeks to prohibit that which the law of the state permits.

This motion was overruled, defendant convicted, and he appeals.

It will be conceded that, but for this ordinance, defendant committed no offense; that the state law does not prohibit the act committed.

The first question is, was the passage of this ordinance a valid exercise of delegated power?

Second, if, under the general power delegated to cities, it had the right, was the exercise of this right in contravention of the policy of the state as expressed in Chapter 102 of the Acts of the 33d General Assembly?

Sec. 1571 was in force at the time of the passage of Chapter 102 of the Acts of the 33d General Assembly, and, so far as this case is concerned, reads as follows:

"In crossing any bridge or culvert in the public road,

or plank street crossing in any city or town, four strong planks not less than twelve feet long, each one foot wide and two inches thick, shall be used, by placing and keeping continuously two of them under the wheels.''

A violation of this statute was a misdemeanor.

Chapter 102 of the Acts of the 33d General Assembly by its terms repeals Sec. 1571 above set out.

Sec. 2 thereof provides: ''Until the 1st day of November, 1910, no traction engine shall cross any bridge, crossing or culvert in the public highway or street, unless sound, strong planks not less than one foot wide and two inches thick be placed and kept continuously under the wheels. No traction engine having mud lugs or ice spurs attached to its wheels shall be moved over any bridge, culvert, or street crossing.''

It is apparent from the reading of Sec. 2, above quoted, that it was the purpose and intent of the legislature not to require the use of planks, either as provided in Sec. 1571 or as provided in Sec. 2 of Chapter 102 of the Acts of the 33d General Assembly, after November 1, 1910.

After the 1st of November, 1910, therefore, the state law did not require placing of planks under the wheels of traction engines when crossing over bridges, culverts and street crossings, except such traction engines as were encumbered with mud lugs or ice spurs.

Sec. 1571 of the Code Supplement of 1907 was a statute suggested by conditions. These heavy engines, passing over bridges or culverts on public roads and plank street crossings in cities, were found to have broken, destroyed or injured bridges, culverts, and plank street crossings. The inhibition did not extend to the use of the streets and highways generally. The regulation related only to a time and place in which they were crossing bridges, culverts, or plank street

crossings. Then it was that these heavy planks were required to be placed under the wheels.

As the use of traction engines in the country became more general, it was found that this provision requiring the use of planks at these particular points necessitated the carrying of planks with the engines, a very cumbersome and inconvenient thing to do, although the use of them was only required at these particular points. Then it was, we presume, that the legislature, observing the burden that this law cast upon the owners and drivers of traction engines, concluded that it would be better to require the public authorities to so construct their bridges, culverts, and street crossings that these engines might pass over them without the use of planks, and hence passed Chapter 102 above. But apprehending that the condition was not ripe for the use of these engines without these planks over these particular portions of the road, it gave the municipalities until the 1st of November, 1910, to so prepare the bridges, culverts, and crossings that the engines might pass in safety over them, without the use of the planks. Hence the legislature said, "Until the 1st of November, 1910, the traction engines shall not be permitted to cross without the planks."

After the 1st of November, it inferentially or impliedly said that this requirement on public roads would be dispensed with, except where the engine was encumbered with mud lugs or ice spurs attached to the wheels.

When the legislature said, the prohibition shall extend to the 1st of November, 1910, it impliedly said to the public, the inhibition shall not be enforced after November 1, 1910; that thereafter traction engines, unencumbered with mud lugs or ice spurs, shall have the freedom of the public highways the same as other vehicles, both in public highways of the cities and outside the cities as well.

It is common knowledge that all public highways are under the control of the state; that all power of lesser municipalities over such streets is simply a delegated power from

the state, whether exercised by a county, a city, or a town. It follows, therefore, that no municipality has power to make any law affecting public highways or their use which contravenes the policy of the state touching such control and use. Streets are for the public use, but do not exist for the use of the municipality in which they are situated alone, or its inhabitants. The municipality in which a public highway is located is vested with the supervision and control of such highways for public use. The supervision and control to be exercised over them is subject to the control of the legislature of the state from which such power is derived.

A municipal corporation can exercise only such power as is conferred upon it, and such as is incidental to the exercise of its governmental function, and then in the manner only prescribed by the statute. It cannot, by any legislation of its own, make that use of the highways unlawful which, by the statute of the state, is lawful; that is, where the state by its statute when fairly construed gives to the public a certain right in the use of the streets generally, and undertakes only to regulate or limit the exercise of the right, the municipality cannot, by its own act, prohibit or regulate the exercise of the right which is directly or inferentially granted to the citizen by the state without limitation, or such limitation fixed by statute.

The power to regulate the use of public highways so as to reserve for all the rights of all must not be exercised in contravention of the laws of the state touching the same matter.

The legislature of the State, in repealing Sec. 1571 and in enacting Chapter 102 of the 33d General Assembly, evidently made a balancing between the inconvenience to the public in requiring the carrying of these heavy planks when driving traction engines, and the injuries incident to the use of the public highways without planks, and reached the conclusion that a more reasonable and salutary regulation would be to require these municipalities to prepare their cross-

ings, bridges, and culverts so that engines could pass without the use of these planks. That is, that it was more reasonable and just to require the municipalities to prepare the public highway for the passage of these traction engines without planks than it was to require the driver of the traction engine to transport these planks from point to point, adjust them, and use them at crossings, culverts, and bridges.

The intent and purpose of the legislature in repealing Sec. 1571 and in enacting Chapter 102 of the Acts of the 33d General Assembly is made manifest by its section in continuing inhibition until the 1st of November, 1910, and then limiting inhibition only to traction engines encumbered with mud lugs and ice spurs. These encumbrances on which the inhibition rests may be removed from the engine, and then the inhibition does not attach.

It is true that, under Sec. 753 of the Code, cities and towns have the care, supervision, and control of public highways, streets, avenues, alleys, public squares, and commons, within their limits, and that it is their duty to keep the same open and in repair and free from nuisance.

It is true that Sec. 695 gives to towns the power to enact ordinances to protect its property.

It is true that, generally speaking, a municipal corporation has absolute control of its streets and may enact such ordinances, not inconsistent with the laws of the state governing their use, as shall be necessary in its judgment to protect the public. There are two limitations upon this right to enact ordinances: First, the ordinance must be reasonable and must be without undue discrimination, and second, it must not contravene the policy of the state expressed in its legislation. See *Lacy v. City of Oskaloosa*, 143 Iowa 704.

It is true that Sec. 680 grants to cities the power to make public ordinances for carrying into effect or discharging the powers and duties conferred upon them, and such as seem necessary and proper to provide for the safety and to preserve the health, etc. of such corporations. But this sec-

tion limits the power to pass ordinances, in that it provides that the ordinances passed shall not be inconsistent with the laws of the state touching the same subject-matter.

It is true that all cities and towns may enact ordinances, even where the state has legislated upon the same subject, but even then, the ordinance must not be inconsistent with or contravene the policy of the state as expressed in its legislation. See *Town of Neola v. Reichart*, 131 Iowa 492; *Town of Bloomfield v. Trimble*, 54 Iowa 399; *Town of Sibley v. Lastrico*, 122 Iowa 211; *Town of Avoca v. Heller*, 129 Iowa 227.

It does not appear when this ordinance was passed, but we assume from the wording of the ordinance that it was adopted after the passage of Chapter 102 of the Acts of the 33d General Assembly.

For the reasons hereinbefore stated, we think that the ordinance in question was void as contravening the policy of the state touching the use of traction engines upon public highways, and that the motion of the defendant, at the conclusion of the testimony, should have been sustained. The cause is, therefore,—*Reversed.*

Deemer, C. J., Ladd and Salinger, JJ., concur.