TOWN OF RANDOLPH, Appellant, v. C. M. GEE et al., Appellees.

**MUNICIPAL CORPORATIONS:** Ordinances—Highway Regulations Inconsistent with Statute. An ordinance which prohibits the use of all traction engines, no matter how equipped, and without regard to weight, upon streets not graveled or paved, is void, as in conflict with Secs. 5068 and 5069, Code of 1924.

Headnote 1. 28 Cyc. p. 367.

*Appeal from Fremont District Court.*—E. B. WOODRUFF, Judge.

JANUARY 13, 1925.

THE defendants were charged with a violation of an ordinance of the town. Upon a trial in the mayor's court, they were convicted, and appealed. In the district court, a demurrer to the information was sustained, and judgment rendered against the town for costs. The town appeals.—*Affirmed.*

*Tinley, Mitchell, Ross & Mitchell,* for appellant.

*Shirley Gillilland,* for appellees.

VERMILION, J.—Section 1 of the ordinance in question is literally as follows:

"It shall be unlawful for any person to drive or operate any tractor or traction engine upon the oiled streets of the town of Randolph, Iowa, provided and excepted only, that it shall be necessary to make a crossing of an oiled street to reach the destination of said tractor or traction engine. And provided that no tractor or traction engine shall be driven or operated on any oiled street of the town of Randolph, Iowa, which has projections of metal beyond."

Section 2 provides for the punishment of one convicted of a violation of the ordinance.

The information charged that the defendants did, in the limits of the town, unnecessarily and intentionally drive a cer-

tain traction engine upon the oiled streets of the town, there being another way available over an unoiled street for defendants to have reached their destination. The demurrer was based upon the alleged invalidity of the ordinance, as being one beyond the power of the town to enact.

There is no claim that the power to prohibit the passage of traction engines over its oiled streets was expressly given to the town by statute, but it is urged that it possessed such authority under the general delegated power to control its streets.

The power of municipal corporations to pass ordinances is subject to the express statutory limitation that such ordinances must not be inconsistent with the laws of the state. Section 680, Code of 1897 (Section 5714, Code of 1924).

Cities and towns may exercise such powers as are expressly conferred by statute, and such as are incidental to those granted and to the exercise of its governmental function. *Brockman v. City of Creston*, 79 Iowa 587; *Town of Hedrick v. Lanz*, 170 Iowa 437.

Ordinances may not contravene the policy of the state, as expressed in its legislation. *Town of Hedrick v. Lanz*, supra; *Incorporated Town of Decatur v. Gould*, 185 Iowa 203.

The broad and general powers delegated by statute to municipalities to exercise control over streets are subject to this limitation: that their ordinances must not be inconsistent with the laws of the state, or in contravention of the declared policy of the state, as found in its statutes.

Section 27 of Chapter 275 of the Acts of the Thirty-eighth General Assembly provides in part as follows:

''No motor vehicle shall operate over any highway, improved with a gravel or paved surface, which has projections of metal or wood beyond the tread of traffic surface of the tire, excepting vehicle equipped with caterpillar tread; provided that tractors, traction engines or similar motor vehicles may be operated which have 'V' shaped or diagonal cleats arranged in such a manner that two or more cleats are continuously in contact with the road surface and that the weight per inch width of such cleats in continuous contact with the road surface measured in the direction of the movement of the vehicle does not exceed eight hundred pounds per inch width of tire.''

Section 28 of the same act provides:

"Local authorities shall have no power to enact, enforce or maintain any, ordinance, rule or regulation in any way in conflict with, contrary to or inconsistent with the provisions of this act, or of any section or other subdivision thereof, and no such ordinance, rule or regulation of said local authorities heretofore or hereafter enacted shall have any force or effect, excepting, however, * * * that the local authorities of any city, town, or city and county may impose additional restrictions to those herein contained applicable to vehicles exclusively used in the carrying of merchandise or articles of freight and of a capacity in excess of one ton in weight and may designate certain streets whereon heavy-laden vehicles may be excluded * * *."

These provisions, in somewhat different form, will be found in Chapter 251 of the Code of 1924. The legislature has here provided, not only that no motor vehicle with certain projections upon the wheels shall be operated on any highway (including streets) improved with gravel or paving, and that traction engines with certain described cleats upon the wheels may be so operated, but has expressly denied to municipalities the right to enact ordinances inconsistent with these provisions, except in certain enumerated respects. There is no claim that the ordinance in question conforms to the authority here given to impose additional restrictions upon vehicles carrying merchandise or freight with a capacity in excess of one ton, or to exclude heavy-laden vehicles from certain streets; and, indeed, the terms of the ordinance itself would not permit of such a contention. The prohibition of the ordinance goes to the character of the vehicle; not to its weight or load.

It is plain that an ordinance which prohibits the use of all traction engines, no matter how equipped, and without regard to weight, upon streets not improved with gravel or pavement, not only contravenes a declared policy of the state, as found in its legislation, but is in direct conflict with, and in violation of, the express provisions of the statute.

In the case of *Town of Hedrick v. Lanz,* supra, because of a statute requiring, until a given date, the planking of bridges, culverts, and crossings before the passage over them of a traction engine, an ordinance requiring them to be so planked after

such date was held void, as being in contravention of the policy of the state, as evidenced by the statute, to permit the passage of such vehicles over bridges, culverts, and crossings without planking after that date.

Here, the legislature has not only seen fit to prohibit, upon graveled or paved roads only, the use of traction engines with certain equipment, and to expressly authorize their use generally with certain other equipment, but has expressly denied the right of municipalities to enact ordinances in conflict with these provisions, save in certain stated respects. The respects in which such right is given, so far as here material, relate to the weight or capacity of the vehicle; not to its character. The invalidity of the ordinance in question here is much more clearly apparent than that considered in the *Lanz* case.

The judgment is—*Affirmed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.