WILLIAM DENNIER, Appellant, v. ALFRED JOHNSON, Appellee.

No. 41119.

FEBRUARY 16, 1932.

REHEARING DENIED JUNE 24, 1932.

Charles R. Metcalfe, for appellant.

Henderson, Hatfield & Wadden and Jepson, Struble & Sifford, for appellee.

DE GRAFF, J.—The accident in question occurred on Paxton Street, one of the paved streets in Sioux City, Iowa. This street extends north and south. It appears that during the winter of 1929 this street was used by children for coasting. The McKinley School is located at the intersection of Second and Paxton Streets. Opposite the McKinley School, and on each side of Paxton Street where it crosses First and Egbert Street "wooden horses" about five feet long and from three to four feet high were placed. There is no record evidence to show who placed these horses, so called, on that particular street that winter. The paved portion of Paxton Street is about twenty-five feet in width, and on the day of the accident, February 14, 1929, was covered with snow and the center portion of the street used for coasting was icy. On the afternoon of the day of the accident the defendant's employee, W. B. Gill, drove the delivery truck onto First Street and then turned south, driving on the west side of Paxton Street a half block to deliver some groceries at a house on that side of Paxton Street. All the witnesses of plaintiff. agree that he parked the truck parallel with and close to the curb, and that it was headed south. The driver Gill (defendant's employee) had delivered the groceries and was returning

to his truck, when two sleds came down the hill in the center part of Paxton Street. There was a bump in the pavement a little north of the truck and the two sleds coming down the hill side by side struck the bump causing them to veer, one sled turning toward the east curb of Paxton Street and the other, upon which young Dennier was riding, toward the west curb and by so turning caused it to strike the rear end of the delivery truck which was parked as heretofore stated.

The plaintiff-appellant relies upon certain ordinances of the city of Sioux City, but it is sufficient to say that none of these ordinances authorize the closing of the streets of Sioux City for coasting purposes. In passing, it may be observed that the doctrine of nuisance, as defined by Paragraph 5, Section 12396, Code, 1927, is not involved in the instant case. See Harris v. City of Des Moines, 202 Iowa 53, 46 A. L. R. 1429.

It is the recognized rule that any person making use of the public highways must use them with due regard to the rights of others, and that those having occasion to use them for the customary purposes of travel and passage have the first right, and their use must not be obstructed except under circumstances that are quite exceptional and that make out a clear excuse. Burford v. Grand Rapids, 18 N. W. 571 (Mich.)

It is said by the Supreme Court of Illinois in Illinois M. I. Co. v. Park Comrs., 263 Illinois 446, 105 N. E. 336, 51 L. R. A. (N. S.) 1203:

"Owners of property bordering upon a street have, as an incident of their ownership, a right of access by way of the streets which cannot be taken away or materially impaired without compensation."

In Town of Hedrick v. Lanz, 170 Iowa 437, l. c. 442, it is said:

"A municipal corporation can exercise only such power as is conferred upon it, and such as is incidental to the exercise of its governmental function, and then in the manner only prescribed by the statute. It cannot, by any legislation of its own, make that use of the highways unlawful, which by the statute of the state is lawful; that is, where the state by its statute when fairly construed gives to the public a certain right to the use of the streets generally, and undertakes only to regulate or limit

the exercise of the right, the municipality cannot, by its own act, prohibit or regulate the exercise of the right which is directly or inferentially granted to the citizen by the state without limitation, or such limitation fixed by statute.''

 In the case at bar the city of Sioux City did not have the right to block Paxton Street or any other street so that vehicles delivering goods to residences in that block could not approach them. The power of a city council is limited and defined by statute. Section 4992, Code, 1927, provides as to the power of a municipality through its council with reference to an ordinance governing the use of the streets, as follows:

''Such powers as are now or may hereafter be vested in local authorities to enact ordinances and regulations, applicable equally and generally to all vehicles and other users of the highways * * * to bring about the orderly passage of vehicles and other users of the public highways.''

Section 4994, Code, 1927, provides that the local authorities may exclude vehicles from cemeteries, and may exclude vehicles used for commercial purposes from parks, and provides that notices must be posted in order to exercise even that power.

 Lastly, it may be said that the trial court ruled correctly the defendant's motion for a directed verdict on the ground that the alleged negligence of parking the delivery truck parallel with and close to the curb was not the proximate cause of the injury and damage to the plaintiff. But two witnesses offered by the plaintiff-appellant explain how the accident in question happened. Both of them testify that the two sleds were attempting to make the bump north of the point where the appellee's truck was parked, and after the sleds reached the bump they slurred off of the center track which was used for coasting; one of said sleds went to the east curb, and the other, on which appellant was riding, to the west curb, thereby striking the rear end of appellee's truck. Even if we were to concede *arguendo* that the truck was unlawfully parked at the curb, the alleged unlawful act was not the proximate cause of the accident.

The judgment entered by the trial court is—Affirmed.

WAGNER, C. J., and FAVILLE, STEVENS, and ALBERT, JJ., concur.