## PAINTER v. BEWLEY FURNITURE CO. et al.

### No. 5992.

Court of Appeal of Louisiana.

Second Circuit.

Feb. 7, 1940.

Rehearing Denied March 6, 1940.

J. B. Crow, of Shreveport, for appellant.

Hollingsworth B. Barret, of Shreveport, for appellee.

HAMITER, Judge.

An exception of no cause of action, directed by defendants to plaintiff's petition, was sustained and this appeal followed.

The action has for its purpose the recovery of damages from the commercial partnership of Bewley Furniture Company and its individual members for injuries allegedly suffered by plaintiff, a pedestrian, when he walked into and collided with a parked motor truck owned by said partnership.

The pertinent allegations of the original petition, which reflect the true situation in so far as this consideration is concerned, are:

"That on date of September 2, 1938, petitioner, who was residing in the 1500th block of Bavia Street, which runs into Texas Avenue, attempted to cross said street at its regular crossing, which constituted a public passway from one side of the street to the other side, where the store of Mrs. Brooks is located.

"That the said Bewley Furniture Company, through its agents and employees, or one of them, while on a mission for the said Bewley Furniture Company and in the course of his employment therewith and therefor on said date of September 2, 1938, had wrongfully, negligently and carelessly parked a car or automobile on the wrong side of the said Bavia street and also negligently parked the same at an angle in the passway across said street to the said store of Mrs. Brooks.

"That on said date of September 2, petitioner, being an elderly man attempting to cross said Bavia street in the 1500th block thereof across from Mrs. Brooks' said store and after starting across, was suddenly stopped by a rapidly oncoming car or automobile driven by some person unknown to petitioner, which forced petitioner to suddenly whirl and turn back and in doing so struck said car of the said Bewley Furniture Company, which had been negligently and irregularly parked on the wrong side of the street and at an irregular angle and in the passageway to the said store, and, in doing so, petitioner in order to protect himself from the said oncoming car was forced to strike the automobile of said Bewley Furniture Company, which knocked him down and seriously, severely and painfully injured his shoulder and right arm and otherwise injured petitioner permanently, * * *."

In response to an exception of vagueness, plaintiff amended his petition to the extent of alleging that the accident occurred between twelve noon and one P. M., o'clock of the above named date.

Defendants' exception of no cause of action is grounded on two propositions: (1) The petition discloses that the parking of the vehicle involved was not a proximate cause of the accident and injuries. (2) It reveals negligence on the part of plaintiff that contributed to the mishap.

**71**

There is merit, we think, in the first stated proposition and, therefore, consideration of the other is unnecessary.

According to the settled jurisprudence of this state, negligence is actionable only when it is a proximate cause of the complained of accident and resulting injuries. Jacobs v. Williams et al., La.App., 160 So. 861; Richie et al v. Natchitoches Oil Mill et al., La.App., 178 So. 752; Austin v. Baker-Lawhon & Ford, Inc. et al., La. App., 188 So. 416.

Perhaps, in the instant case, defendants' employee was negligent in parking the truck on the wrong side of the street at an irregular angle and in the passageway to the store, but the allegations of fact of the petition do not disclose that such negligence, whether actual or resulting from a violation of a city safety ordinance, had any causal connection with plaintiff's claimed accident and injuries. If the machine had fronted in the authorized and proper direction, the identical consequences would have been experienced by plaintiff. Furthermore, the angle at which the truck was parked and its presence in the passageway to the store did not serve as causative factors in the occurrence of the accident, either by obscuring the vision of plaintiff or otherwise. He had successfully passed such truck when the moving machine, which prompted his backward jump, appeared.

It is stated in Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Ed., Vol. 4, § 2642, that negligent parking may not be the proximate cause where an efficient cause intervenes and it has no causal connection with the accident. This statement is supported by a number of cited cases, among which are some where an automobile was parked at the end of the block, in violation of an ordinance, and while parked there fire apparatus collided at the street intersection, pushing the car onto the sidewalk and injuring a pedestrian (Falk v. Finkelman, 268 Mass. 524, 168 N.E. 89); where a boy struck an unlawfully parked truck while coasting on his sled (Dennier v. Johnson, 214 Iowa 770, 240 N.W. 745); and where a motorist negligently ran his machine into another car parked in violation of an ordinance prohibiting the parking of automobiles within a prescribed distance of a hydrant. Denson v. McDonald Bros., 144 Minn. 252, 175 N.W. 108.

Our view of the present controversy is correctly expressed in the following quotation taken from the brief of defense counsel: "The vehicle involved in this accident (assuming that plaintiff's allegations are correct) played merely a passive role. Its position, the relative direction in which it was headed, its angle from or with the curb, were all factors which under no condition would bring about a collision with the plaintiff, in broad daylight, unless there intervened a new and active cause for such collision. The cause, of course, would be the act of plaintiff in running against the standing vehicle."

For the reasons assigned, the judgment is affirmed.