# Fritchman etc. et al. v. Kirschman

*Robert H. Jordan,* for plaintiffs.
*Butz, Hudders, Tallman & Rupp,* for defendant.

HENNINGER, P. J., June 6, 1955.—Plaintiff is suing for damages caused when minor plaintiff was seriously injured when the sled upon which she was coasting on a barricaded street was forced by other coasters against the car of defendant, parked before defendant's home.

Defendant filed preliminary objections by way of demurrer in that plaintiff fails to allege any act of negligence on defendant's part and that any negligence would not have been the proximate cause of the accident.

Defendant also demurred to an item of damage for loss of consortium while plaintiff's wife was caring for the injured daughter. Since the complaint contains some proper items of damage, the propriety of this

particular item could be determined on the trial of the case.

The complaint does not so aver but, to state plaintiff's strongest case, we are assuming for the purposes of this case that defendant parked his car in front of his home after the barricades had been erected.

Defendant urges us to find that the parking of defendant's car in front of his home was not a violation of the law, because in defendant's opinion, the barricading of the streets was ultra vires, citing section 1103 of The Vehicle Code of May 1, 1929, P. L. 905, as variously amended, 75 PS §663(a).

The pertinent paragraph reads as follows:

"Local authorities may designate any highway or any part of a highway under their jurisdiction a 'Play Highway' and may close such designated highway to *general traffic* where interference to traffic will not be serious. Such highways or portions of highways shall be used for play purposes and shall be clearly designated by appropriate signs, specifying the hours between which such highways shall be closed to general traffic."

An earlier paragraph of the same section in designating the power of local authorities to regulate traffic provides, ". . . local authorities shall have power to provide *by ordinance* for the regulation of traffic", etc. (Italics supplied.)

Plaintiff has not pleaded that the barricading of the street was done pursuant to ordinance, but for the reasons hereinafter stated we need not now decide whether it would have been necessary for him so to plead or to decide whether local authorities under the "Play Highway" paragraph could *designate* other than by ordinance.

In our opinion, the designation of the street as a play highway did not forbid the parking of defendant's car before his home. A reading of the paragraph shows

that what local authorities are permitted to restrict is "general traffic". The word "traffic" has the connotation of moving vehicles, but might be expanded to include parked vehicles as well. The word "general", however, can only mean the public generally traveling through the area and cannot exclude from the area those who have specific business within it and certainly does not restrict the right of a householder within the barricaded area to park his car in front of his own house.

Therefore, plaintiff has not pleaded any violation of the law on defendant's part, which would have constituted negligence per se: Jinks v. Currie, 324 Pa. 532, 538.

Even if defendant's car had been parked illegally, it does not follow that defendant could be held responsible upon the facts pleaded in this case. Plaintiff has cited an Indiana case (Tabor v. Continental Baking Co., 110 Ind. App. 633, 38 N. E. 2d 257) in which a defendant was held responsible under similar circumstances, and defendant an Iowa case (Dennier v. Johnson, 214 Iowa 770, 240 N. W. 745), in which a defendant was relieved of responsibility.

Neither counsel nor court has found a case on all fours in Pennsylvania, but in our opinion this case is ruled by Ashworth v. Hannum et al., 347 Pa. 393, in which a driver coming at a high rate of speed upon an illegally parked truck, swerved into the path of an oncoming truck. His passenger sued the owners of both trucks and the driver of the car in which he was riding. The Supreme Court held that the owner of the illegally parked truck could not be held, citing Kline et al. v. Moyer and Albert, 325 Pa. 357, 364.

The distinction between cases in which the owner of an illegally parked vehicle is held for the consequences of such parking and when such parking is held not to be the proximate cause of the accident is drawn in Kline

et al. v. Moyer and Albert, supra (p. 363), as follows:

"It is clear that when an unlighted, parked truck is seen by the operator of an approaching vehicle, the fact of its being unlighted becomes thereafter of legal inconsequence, because the purpose of a light as warning has been otherwise accomplished. If already at that time, by the negligence of its driver, the moving vehicle is in such a position and under such impetus that an accident cannot be avoided, the negligence of the truck owner is as much a proximate cause of the accident as is the negligence of the driver of the car; the negligence of each has contributed to the result. But if, after seeing the unlighted truck, although he would still have been able to guide his car without accident, the driver proceeds in such negligent manner that an accident results, the original negligence of the truck owner has become a non-causal factor divested of legal significance; as to it the chain of causation is broken, and responsibility remains solely with the operator of the moving car. We would formulate the general principle as follows: Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feaser, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause. Where, however, the second actor does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tort-feasors are contributing causes and proximate factors in the happening of the accident and impose liability upon both of the guilty parties."

Plaintiff, with commendable frankness, has pleaded that minor plaintiff was "forced" by other coasters into the side of defendant's car. This clearly con-

stituted an intervening cause of the accident. The children must have been aware of the presence of defendant's car and, therefore, this was not a case in which its being parked where it was could not have been anticipated by them.

The Hannum case cited above would apply if defendant had negligently parked his car. We fail however, to find any negligent act of defendant pleaded in plaintiff's complaint.

Assuming that defendant parked his car in front of his home after the barricades had been erected, he would nevertheless not have violated the law. At the worst, he would have had notice that the hill was being used for coasting and he would have had to act in the light of that knowledge: Smith et al. v. Pachter, 342 Pa. 21, 25, and cases therein cited; Huber et al. v. Anderson, 355 Pa. 247, 249.

There is no allegation that defendant's parking of his car unduly restricted the space used for coasting, that the car could not be seen, that it was the only car parked on that incline or that it was parked too far away from the curb. In our opinion, it would be establishing a very dangerous precedent to hold that a man who has lawfully and properly parked his car before his home shall be held responsible because some moving object strikes the car so parked.

Certainly, one with hindsight can trace back the chain of events that led to this accident and say that from such a chain of events an accident of this kind could have happened, for it did happen. We fail to see, however, any breach of duty on defendant's part toward the children who, with municipal approval, had undertaken to coast past defendant's house and car.

Recognizing, therefore, that plaintiff has shown no facts which would render illegal the parking of defendant's car, the demurrer must be sustained. Nor

does plaintiff plead any state of facts which would render negligent, defendant's legal parking of his car. The law does not, however, favor summary judgments especially in tort actions and, therefore, while sustaining the demurrer, we will permit plaintiff to plead a better cause if one exists: Rhodes v. Terheyden et al., 272 Pa. 397, 401; Stevens v. Smith, 310 Pa. 287, 288.

Now, June 6, 1955, defendant's demurrer is sustained and plaintiff is ordered and directed to file a new complaint stating a cause of action against defendant within 20 days after service of this order upon his counsel or suffer judgment to be entered against him.