State of Iowa v. J. W. Mulhern, Appellant, and one other case.

**Indictment:** EVIDENCE BEFORE GRAND JURY: RETURN OF DOCUMENTS.
1 An indictment will not be set aside because certain documents, used in connection with the examination of witnesses before the grand jury, are not returned with the minutes of the testimony attached to the indictment.

**Intoxicating liquors:** SALE TO MINORS: PROOF OF MINORITY. Proof
2 that a purchaser of liquor was not twenty-one years of age made a *prima facie* case of minority, without the further showing that such person was unmarried.

**Same:** IDENDIFICATION. It is incumbent upon the holder of a
3 permit for the sale of liquor to require the written statement of a reliable person that an applicant to purchase, who is not known to him, is not a minor; and a sale in violation of the requirement is not rendered legal by showing that on a former occasion the person was properly identified.

*Appeal from Madison District Court.*— Hon. J. H. Apple-
gate, Judge.

Tuesday, March 6, 1906.

The defendant was indicted on December 10, 1904, charged with maintaining an intoxicating liquor nuisance. On April 21, 1905, the State commenced an action in equity to enjoin defendant from maintaining an intoxicating liquor nuisance at the place in said county described in the indictment. The case under the indictment was tried to a jury, resulting in a verdict of guilty and judgment for a fine and costs. By agreement the case for an injunction was submitted to the court upon the evidence introduced upon the case under the indictment, and there was a decree in favor of the State. The defendant has appealed in both cases, and they are submitted together in this court.— *Affirmed.*

*Steele & Robbins* and *Wilkinson, Smith & Wilkinson,* for appellant.

*Chas. W. Mullen,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, and *W. S. Cooper,* for the State.

BISHOP, J.— I.   Before pleading in the criminal case, the defendant filed a motion to set aside the indictment on the ground that certain documents used by the grand jury as evidence upon which to base the indictment were not attached to or returned with the indictment.   It appears, from testimony introduced upon the motion, that the county attorney procured from the office of the county auditor certain written requests purporting to have been made to the defendant, a druggist and permit holder, for the sale of intoxicating liquor, and which requests had been filed by defendant with the county auditor in compliance with Code, section 2397; that such requests were used by the county attorney to aid him in examining witnesses brought before the grand jury, and not otherwise.   The written requests were not attached to or returned with the indictment.

1. INDICTMENT: evidence before grand jury: return of documents.

The motion was overruled, and we think rightly so. The statute goes no farther than to require that the names of the witnesses before the grand jury shall be indorsed on the indictment, and that with the indictment there shall be presented to the court the minutes of the evidence of such witnesses.   Code, section 5276.   Here the requests were not even used as evidence; but, had they been, it was not necessary under the statute to return them with the indictment.   *State v. Mullenhoff,* 74 Iowa, 271; *State v. Hurd,* 101 Iowa, 391; *State v. Boomer,* 103 Iowa, 106.

II.   There was evidence showing that sales of intoxicating liquor had been made by defendant to a person under twenty-one years of age; and, as bearing on the subject, the

court instructed the jury that a sale made to a person not
known or indentified as a proper person of full
age would be illegal. The defendant on motion
for new trial insisted, and now insists, that
the instruction involved error, for that proof
simply that a purchaser had not attained the age of twenty-
one years was not sufficient; the further proof that he was
unmarried was essential to a conviction of the defend-
ant. Conceding, as we may for the purposes of the case,
that proof of marriage would have operated to remove the
prohibition of the statute, still we think the contention of
defendant without merit. Proof that the purchaser was in
fact under 21 years of age made a *prima facie* case of
minority. It was for the defendant to bring forward the
proof necessary to take the case out of the rule, and this he
failed to do. *Sayre v. Wheeler,* 31 Iowa, 112.

> 2. INTOXICATING
> LIQUORS: sale
> to minors;
> proof of mi-
> nority.

III. The statute makes it incumbent upon the holder
of a permit for the sale of intoxicating liquor that, before
filling a request for liquor presented by a person unknown
to him, he shall require identification and a
statement in writing of a reliable and trust-
worthy person known personally to him that the applicant
is not a minor, etc. In respect of such matter, the court
on its own motion instructed the jury in substance that
sales made to persons not personally known to the seller
must be preceded in each instance by an identification and
statement in writing of a third person known to him; fur-
ther, that a sale to a minor, or other prohibited person
not personally known to the seller, could not be justified from
the fact of an identification on some former occasion. Ap-
pellant complains of the instruction as involving error. We
think the contention without merit. It is the intent of the
law to require identification in all cases where the proposing
purchaser is not personally known. And if a sale would be
illegal but for such identification and the required state-
ment, it cannot be transformed into a legal sale by discovery .

> 3. SAME: identifi-
> cation.

that upon some former occasion a sale had been made to the purchaser in question which was legal because preceded by a proper identification and statement.

The evidence warranted the verdict and judgment in the criminal case and the decree in the equity case for injunction; and, no error appearing, such judgment and decree are, respectively, *affirmed.*