AUSTIN *v.* AUSTIN.

1. DIVORCE—ALIMONY—INFANTS—EMANCIPATION.
   In a suit for divorce and proceedings for contempt, resulting in the imprisonment of defendant, the husband, for failure to pay complainant alimony and expense money, it is a defense to the payment of alimony under the order of the court, that defendant is a minor having no property and has never been emancipated.

2. SAME—MARRIAGE.
   Marriage alone does not emancipate a male infant.

Appeal from Kent; McDonald, J. Submitted June 16, 1911. (Docket No. 85.) Decided October 2, 1911.

Pearl E. Austin, by Michael Traxler, her next friend, filed her bill against Clarence R. Austin for divorce. Upon an order of the court Celia Austin was appointed as defendant's guardian *ad litem.* Complainant presented a petition for alimony and expense money, which was allowed to her by the court, and on defendant's failure to comply with the order he was committed for contempt of court. Reversed, and defendant discharged.

*Rodgers & Rodgers,* for complainant.

*A. A. & H. A. Ellis,* for defendant.

BLAIR, J. Both of the parties to this suit are minors, but were above the age of consent at the time of their marriage. The complainant lived with her husband in his father's family, upon the father's farm, until she left him. She filed her bill for a divorce upon the ground of extreme cruelty, and later filed a petition for temporary alimony. An order was made for alimony and expenses, and, defendant having failed to comply with the order, proceedings were instituted to commit him for contempt,

resulting in an order to commit him. From this order, defendant appeals to this court.

Defendant resisted the application for temporary alimony and the proceedings to commit him for contempt, upon a showing that he had no property of any kind, and that he had never been emancipated, and his father was entitled to, and received, his wages and services. The view of the facts entertained by the court will appear from the following quotation:

"The motion of the defendant, asking for an order vacating the order of this court, made on the 3d day of January, A. D. 1911, requiring the defendant to pay sums amounting to $44, on the 9th day of January, A. D. 1911, and $3 per week during the pendency of this suit, came on to be heard on the 23d day of January, A. D. 1911, at which time the complainant filed affidavits made by Michael Traxler, Levi McDonald, and Pearl E. Austin, and thereupon defendant's solicitor asked time to file affidavits denying the statements therein, relative to the defendant having any money, or there being any agreement to emancipate him; and the court then announced that the order was made on the assumption that what the defendant said about that was true, and that the court did not think that material, but that it was the duty of the defendant, notwithstanding his minority, to support his wife, and to pay the expense of litigation, and that the motion should be denied, but, in order to keep the record complete, defendant should have time to file and serve affidavits, and, said affidavits having been filed and served, this court finds no reason to change or to set aside its order, made January 3, A. D. 1911."

No brief has been filed on behalf of complainant.

We consider this case upon the assumption that the court found the facts to be that the defendant had not been emancipated, unless the marriage of itself effected an emancipation, and that he had no property to enable him to comply with the order. If this were a case of first impression, I should agree with the circuit judge that the lawful marriage of minors emancipates both, but I have reluctantly come to the conclusion that such a view is foreclosed by the decision of this court in *People* v. *Todd*, 61

Mich. 234 (28 N. W. 79). That opinion can only be sustained upon the ground that marriage alone does not emancipate a male minor.

The order committing defendant for contempt is overruled, and defendant discharged, but without costs.

OSTRANDER, C. J., and BIRD, BROOKE, and STONE, JJ., concurred.