MARTHA ELLEN McPHERSON, (NEE CASSON), Appellee, v. A. H. DAY, Chief of Police, ET AL., Appellants.

Industrial schools: INCORRIGIBLES: COMMITMENT AND DETENTION. Under the statute authorizing the comitment of an incorrigible girl to the industrial school until she attains the age of twenty-one years, one may be detained in the school for the statutory period, although she attained her majority at eighteen and was then married.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

SATURDAY, NOVEMBER 22, 1913.

THIS is a habeas corpus proceeding.  It was brought by the plaintiff against officers including the members of the Board of Control to test the legality of her detention at the Industrial School for Girls at Mitchellville.  The writ was sued out on March 21, 1912.  After hearing upon the merits the writ was sustained and an order entered directing the release of the plaintiff.  The defendants appeal.  *Reversed.*

*George Cosson,* Attorney General, and *C. A. Robbins,* Assistant Attorney General, for appellants.

*Halloran & Starkey,* for appellee.

No argument for appellee.

EVANS, J.—On March 4, 1910, upon the petition of her mother, the plaintiff, then Martha Ellen Casson, was duly

committed as an incorrigible to the Industrial School at Mitchellville. On December 13, 1911, she escaped therefrom and was not apprehended until March 21, 1912, on which date she made known to the officers her presence at Des Moines. On March 14, 1912, she had attained her majority, to wit, eighteen years of age. On the same day she was married to Guerney McPherson. The ground upon which the trial court directed her release does not appear from the record. We have no argument for the appellee. The argument for appellant indicates that the plaintiff was released because she had attained her majority both by her marriage and by her eighteenth birthday.

The statute under which she was committed is Code Supp., Section 2709, and is as follows:

If any parent or guardian shall make complaint to a judge or a court of record that any boy or girl, over the age of seven years, and under the age of sixteen years, the child or ward of such parent or guardian, is habitually vagrant, disorderly or incorrigible, said judge shall issue a warrant to the sheriff or constable to cause said boy or girl to be brought before him at such time and place as he may appoint, when and where he shall examine the parties, and if in his judgment the boy or girl is a fit subject for the industrial school, he may issue an order, . . . committing said boy or girl to the custody of the superintendent of said school for reformation and instruction until he or she attains the age of twenty-one (21) years.

The order of commitment followed the provisions of this statute. It is manifest from the foregoing that the plaintiff was not illegally restrained and that her period of detention did not expire until she was twenty-one years of age. The trial court therefore erred, and its order must be reversed.

The situation here presented is quite anomalous, as it may result in confining a married woman in the Industrial School. The purpose of the statute in question, and the commitment thereunder, was for the attempted betterment of the plaintiff, and it ought not to be applied arbitrarily to her

detriment. If her marriage has resulted in her redemption, it goes without saying that she ought not to be returned to the school. In such a case we may doubtless assume that the appropriate officers will take appropriate steps for her release. Under the peculiar circumstances confronting us in the state of this record, we deem it advisable that no writ or procedendo shall issue upon this reversal until the further order of this court. More than eighteen months transpired after the order of the district court before the case was submitted here. A showing by the defendants in support of a motion for the issuance of a procedendo will be considered if hereafter presented at any time. *Reversed.*

WEAVER, C. J., and LADD and PRESTON, JJ., concur.