## STATE EX REL. ERNEST B. JOHNSON v. MRS. H. R. WIECKING AND OTHERS.[1]

July 30, 1937.

No. 31,398.

W. E. Hottinger, for appellant (relator below).
C. A. Johnson, County Attorney, for respondents.

HOLT, JUSTICE.

The sole question presented by this appeal from an order dis-

[1]Reported in 274 N. W. 585.

missing a writ of *habeas corpus* is whether the marriage of the detained female child under the age of 13 years removed her from the jurisdiction of the juvenile court in the county of her residence and deprived that court of the power to ascertain whether or not she was a neglected or delinquent child. Relator procured a writ of *habeas corpus* in behalf of Virginia V. DeRemer Johnson, held by the sheriff, respondent Cords, under a warrant issued by the juvenile court of the county of Blue Earth, Minnesota, upon a petition or complaint filed in that court on April 2, 1937, charging Virginia with being a neglected and delinquent child under the age of 18 years. The petition or complaint is not a model; but it is sufficiently alleged that Virginia failed and refused to attend school; that she is neglected and is at present living under conditions inimical to her welfare. The petition, at any rate, is subject to amendment. The theory of appellant is that a married child is not only emancipated from parental control but also removed from the operation of the statute relating to dependent, neglected, and delinquent children. Upon the hearing of the sheriff's return to the writ of *habeas corpus* it was proved that on March 24, 1937, relator, with Virginia, a younger sister, and the mother of the girls, drove from their home in Mankato, this state, to Estherville, Iowa, where on the next day a marriage license was procured for Johnson and Virginia, and their marriage solemnized by a minister, after which they returned to Mankato. Virginia did not attain the age of 13 years until April 5, 1937. We shall assume her marriage to be valid until annulled. Such marriage freed her from parental control. State ex rel. Scott v. Lowell, 78 Minn. 166, 80 N. W. 877, 46 L. R. A. 440, 79 A. S. R. 358. But marriage does not remove the parties thereto from the operation of the general laws of the state enacted in the interest of public welfare. No one would claim that marriage now frees either party from the penal laws of the state. True enough, laws respecting dependent, neglected, or delinquent children are not designed for punishment, but their purpose is the welfare both of the child and the public. To achieve this purpose it is as essential for the protection and welfare of both the child and the public that marriage should not exclude the

child from the benevolent operation of the law. Of course there may be cases where a dependent, neglected, or delinquent girl under 18 years of age by marriage removes every ground for charging her with being either dependent, neglected, or delinquent. And if the juvenile court should find that such is the case here there will be no detention of Virginia. On the other hand, the marriage to a panderer of a female child under 18 years of age who is not neglected or delinquent obviously would place her in the class of neglected or delinquent children, subject to protection. Our law provides that every child under the age of 18 years who is dependent, neglected, or delinquent is to be dealt with by the juvenile court of the county of its residence and is not emancipated or freed from its jurisdiction until reaching the age of 21 years (3 Mason Minn. St. 1936 Supp. § 8637). The fact that marriage has taken place or that the child was married when the juvenile court asserted jurisdiction is of no significance so far as jurisdiction goes. In other states having laws similar to ours (2 Mason Minn. St. 1927, §§ 8636 to 8689-5, inclusive) respecting dependent, neglected, and delinquent children, and juvenile courts administering the same, the question here presented has arisen. The decisions have been that the marriage of a female dependent, neglected, or delinquent child does not remove her from the jurisdiction of the juvenile court. McPherson v. Day, 162 Iowa, 251, 144 N. W. 4; State ex rel. Foot v. District Court, 77 Mont. 290, 250 P. 973, 49 A. L. R. 398; Ex parte Packer, 136 Or. 159, 298 P. 234; Stoker v. Gowans, 45 Utah, 556, 147 P. 911, Ann. Cas. 1916E, 1025; In re Hook, 95 Vt. 497, 115 A. 730, 19 A. L. R. 610; In re Lundy, 82 Wash. 148, 143 P. 885, Ann. Cas. 1916E, 1007; Richardson v. Browning, 57 App. D. C. 186, 18 F. (2d) 1008. In these decisions the object and purpose of these laws are fully noted. Parental and conjugal rights must yield to the welfare of the child and the interest of the state. Appellant relies in a measure upon State ex rel. Evans v. District Court, 118 Minn. 170, 136 N. W. 746. That was a case where an attorney, who appeared for a child charged with delinquency and also for a person charged with responsibility for such delinquency, was held in contempt of court for assisting the parties in violation of an

injunctional order not to marry while the child was out on bail. The conviction of the attorney was reversed on the ground that the juvenile court had no authority to issue the injunctional order. There the child was 15 years of age and had the written consent of the parents to the marriage. We do not consider the case in point here.

There is no need to refer further to the record; how appellant in 1929 married and raised five children, who are now wards of the state; was divorced in September, 1936; and in February, 1937, came to board in Mankato with Virginia's parents, to her father's displeasure; the moving away of the mother, Virginia, and a younger sister with Johnson and their renting two rooms in an apartment building in Mankato; the activity of the county welfare agent and the county attorney aroused by the condition; and the trip to Iowa to get married, need not be discussed. Those matters may be proper considerations for the juvenile court in the trial of the proceeding against Virginia as a neglected and delinquent child.

Order affirmed.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.