STATE OF IOWA, appellee, v. JESSE RYERSON, appellant.

No. 48783.

(Reported in 73 N.W.2d 757)

386

Kelly, Spies & Culver, of Emmetsburg, for appellant.

Dayton Countryman, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and John Jay Duhigg, of Emmetsburg, County Attorney, Palo Alto County, for appellee.

Bliss, J.—Section 124.20, Code of Iowa 1954, provides: "Prohibited sales and advertisements. No holder of a permit under the provisions of this chapter [No. 124, entitled Beer and Malt Liquors] shall exhibit or display or permit to be exhibited or displayed on the premises any signs or posters containing the words 'bar', 'barrooms', 'saloon' or words of like import.

"Nor shall any such beer be sold or delivered to or consumed by any person, on the premises of any Class 'B' permit holder, between the hours of twelve o'clock midnight on Saturday and seven o'clock of the following Monday morning.

"It shall be unlawful for any person to sell, give or make available to any minor or to permit any minor to purchase or consume any beer on the premises of a class 'B' or class 'C' permit holder, or for any minor to buy or attempt to buy or to secure or attempt to secure beer from any person, and it shall further be unlawful for any person to offer beer, with or without consideration, to any minor, except within a private home and with the knowledge and consent of the parent or guardian of said

minor. A violation of the provisions of this paragraph by any holder of a class 'B' or class 'C' permit or any of his agents or employees in connection with the operation of a beer business under said class 'B' or class 'C' permit shall be a mandatory ground for revocation of said permit, in addition to other mandatory grounds provided in this chapter."

Section 124.37 provides for punishment by fine or imprisonment for any person who violates any of the provisions of chapter 124 of said Code.

It will be noted that section 124.20 contains several separate and distinct specific conditions and acts that are stated to be unlawful. In State v. Hill, 244 Iowa 405, 412, 57 N.W.2d 58, we had this section under consideration. In that case, as in the one now before us, the indictment in the first, and the information, in the second, simply charged the defendant with the sale of beer to a minor contrary to section 124.20, without specifying the particular violation noted in the section. Both parties cite State v. Hill, supra, in support of the respective contention of · each, of which more will be said following a statement of the facts in the case at bar.

There is no dispute about the facts. Darrell Garrelts, a farm laborer, was born in Ayrshire, in Palo Alto County, Iowa, on May 16, 1935, and continued to live in that locality. On October 29, 1954, accompanied by James Kennedy, about 17 or 18 years old, he drove his automobile from Ayrshire to Emmetsburg, and later that evening both boys went to the home of a girl friend of about their age. Darrell testified that he left the party later and went alone to the rear door of Price's Tavern in Emmetsburg, which he entered, and bought and paid for two "six packs" of Schlitz beer, which were sold and delivered to him by defendant. He then returned with the beer to the party and he and his two companions drank beer. About ten o'clock that night these young people contacted another girl of about their age, and the latter and the first-mentioned girl and Darrell went in the car to the rear of Price's Tavern where Darrell again entered and received by purchase from defendant two more of the six-can packs of beer which they took to the home of the first-mentioned young lady; and drank. The testimony of Darrell of

the purchases is corroborated by the testimony of the two young ladies. Darrell testified that defendant on neither purchase questioned him as to his age, nor asked any identification, and that he (Darrell) made no representations that he was twenty-one years old. He testified that he and James left the house party about a half-hour after midnight, and that "I was somewhat intoxicated at the time, and I myself had six or seven cans of beer; * * * We were going home and I saw that I was about out of gas and was going to get some but turned on the wrong street and upset my car. * * * Jack Ruddy and Patrolman Lewis came to my home after the accident and I gave them the information as to where I bought the beer. * * * I was not promised immunity from prosecution for making beer available to someone else if I testified in this case. I did not know it is also unlawful for a minor to purchase beer and I was not promised any immunity on such charge if I testified in this case. I was not promised immunity from prosecution for operating a motor vehicle while intoxicated as a cause of the accident, if I testified in this case."

The State rested after the testimony of Darrell and the two young ladies. Defendant then moved "that the court direct a verdict of acquittal for the reason that the State has failed to prove or to offer any evidence that the alleged sale took place upon the premises of a class 'B' or 'C' permit holder as required by section 124.20, Code of Iowa, 1954, and cites as authority State v. Hill, 244 Iowa 405", supra.

The motion was overruled. After stipulating that defendant was an employee at Price's Tavern at all times material, the defense rested without offering any evidence, and his renewed motion for a directed verdict was overruled.

Although no assignment of error is necessary (section 793.15, Iowa Code 1954) the defendant-appellant calls the attention of this court to the following claimed errors:

1. The failure of the State to prove that the sale took place on the premises of a class "B" or "C" permit holder.

2. Error in overruling defendant's motions for a directed verdict of not guilty.

3. Error in giving Instructions Nos. 6, 7 and 8.

4. The instructions did not contain a correct definition or explanation of the crime charged.

5. Misconduct of the county attorney in his closing argument to the jury.

I. We will consider the first two assigned errors together as each has the same basis. In error No. 1 appellant states that the county attorney's information failed to allege that the sale of beer took place on the premises of a class "B" or "C" permit holder, and the State did not offer any evidence in support of this "essential element." His brief point is that in a prosecution for selling beer to a minor, in violation of Code section 124.20, the burden is upon the State to prove the sale was on the premises of a class "B" or "C" permit holder. The only authority cited by him in support of the brief point is State v. Hill, supra, 244 Iowa 405, 57 N.W.2d 58. There is no merit in the first assigned error, nor in the supporting brief, and the cited authority has no controlling force in the appeal before us.

The first sentence in the third paragraph of section 124.20 designates three acts that are unlawful. The first of these acts is stated in the words ending with the first comma, to wit: "It shall be unlawful for any person to sell, give or make available to any minor or to permit any minor to purchase or consume any beer on the premises of a class 'B' or class 'C' permit holder,".

The second of these unlawful acts is stated in the words directly following the above-quoted words, and ending with the second comma, to wit: "or for any minor to buy or attempt to buy or to secure or attempt to secure beer from any person,". We are not concerned with this offense since it is one committed by the receiver of the beer, and not by the dispenser.

The third of these unlawful acts is stated in the words just following the last quotation, and ending with the period, to wit: "and it shall further be unlawful for any person to offer beer, with or without consideration, to any minor, except within a private home and with the knowledge and consent of the parent or guardian of said minor."

In the Hill case, supra, the State sought to establish the first of these three unlawful acts by proving the offense was committed on the premises of a class "B" permit holder. In doing so it became incumbent on the State to establish that fact, and it voluntarily assumed that burden. The action was tried and

submitted on that theory. The trial court directed a verdict for defendant on the ground that the State had not proven that defendant had a class "B" permit. This court reversed because the evidence, in our judgment, made the question one for the jury.

It was the thought of this court in the Hill case that the State had assumed a heavier burden than was necessary in selecting the first of the unlawful acts, supra, requiring the proof of the permit, when the evidence would have sustained a conviction of the third unlawful act, without establishing the defendant had a class "B" permit. And we so stated in the opinion (244 Iowa at page 413, page 62 of 57 N.W.2d) : "Under the testimony, the defendant offered beer to the minor and received a cash consideration. Under this clause of section 124.20 such a transaction would be a sale of beer, notwithstanding it took place in defendant's tavern and regardless of whether he had a class 'B' permit or not. But this is not argued by plaintiff, and we base our conclusion that the district court erred in directing a verdict for defendant, upon the ground that under the indictment and section 124.20 the plaintiff had the burden of establishing a sale of beer to a minor by the defendant on premises operated under a class 'B' permit, sufficient to make a case for the jury, and was prevented from doing so by the court's error in overruling plaintiff's offer of Exhibit S-3."

■■ Under the indictment and the evidence in the appeal before us, contrary to the appellant's contention, it was not necessary that the State establish that the offense charged was made on the premises of a class "B" or "C" permittee. The sale for which appellant was tried, is the third offense, hereinbefore mentioned, in the latter part of section 124.20. The offense charged in the information was a sale by appellant to the minor, Garrelts, under the provisions of said Code section, without mention of a class "B" or "C" permit. The unlawful act is designated by the words in the section: "and it shall *further be unlawful for any person* to offer beer, with or without consideration, to any minor, *except within a private home and with the knowledge and consent of the parent or guardian of said minor.*" (Italics ours.) The exception specifies the only place and the only conditions under which beer may lawfully be made avail-

able to a minor. Making beer available to a minor at any other place would violate the statute. The violator, making the beer available, need not be a permit holder. He may be *any person*. The fact that such person may have had a class "B" or "C" permit does not require that the State establish it, in order to secure a legal conviction. This was the theory of the State and it was so presented to the trial court, and the jurors were so directed, as evidenced by the court's instructions.

The first assigned error is without merit.

II. The only ground of defendant's motions to direct a verdict of acquittal was that the State had failed to offer any evidence that the alleged sale took place on the premises of a class "B" or "C" permit holder. What we have said in Division I disposes of the second assigned error.

III. In assigned error No. 3 appellant contends each of the court's instructions six, seven and eight was erroneous. No challenge was made to these nor to any other instructions, in the trial below, by requested instructions or by objections or exceptions, or by motion for new trial, or in any other manner or at any time, and defendant is not rightfully entitled to a review thereof on appeal. We have many times so held. State v. Bamsey, 208 Iowa 796, 800, 223 N.W. 873; State v. Bingaman, 210 Iowa 160, 163, 230 N.W. 394; State v. Albertson, 237 Iowa 1148, 1153, 24 N.W.2d 395; State v. Dunne, 234 Iowa 1185, 1187, 15 N.W.2d 296; State v. Holoubek, 246 Iowa 109, 111, 66 N.W.2d 861, 862; State v. Walters, 244 Iowa 1253, 1261, 58 N.W.2d 4 (346 U. S. 940, 74 S. Ct. 380, 98 L. Ed. 427); State v. Griffin, 218 Iowa 1301, 254 N.W. 841; State v. Grigsby, 204 Iowa 1133, 216 N.W. 678; rule 196 of Iowa Rules of Civil Procedure. However, as a matter of grace, only, we have read the court's charge to the jury, and given the error assigned full consideration and find no sound basis for it.

IV. What we have said in Division III applies fully to the fourth error assigned. The crime charged was clearly stated to the jury.

V. In the fifth error assigned, appellant complains of misconduct on the part of the county attorney in his closing argument to the jury, in seeking to inflame the passion and prejudice

of the jury against appellant. The complete argument—not long —is set out in the record. The part of the argument complained of was:

"All these three young people that have testified are from good families. I think you could see that by the way they dressed, by the way they spoke and acted. The fact that they bought beer only indicates that they knew where they could get it. Could any of you say that your children wouldn't do the same thing if they had the opportunity? And they probably would end up in the same wreck. Mr. Grossnickle, Mr. Dallam, Mr. Klepper and Mr. Berkland, who all have children of this age, would you like the idea——

"Mr. Culver: The defendant objects to the counsel addressing the jurors by name.

"The Court: Overruled." (Defendant excepted.)

Appellant calls attention to In re Estate of Maier, 236 Iowa 960, 971, 972, 20 N.W.2d 425, in which objection was made because an opposing attorney in argument to the jury had addressed a juror by name. The trial court did not rule on the objection. This court, while expressing its disapproval of such practice, held there was no reversible error and no merit to the contention that the verdict was the result of passion and prejudice.

Peters v. Hoisington, 72 S. D. 542, 550, 37 N.W.2d 410, 414, is a case in which appellee's counsel, in argument to the jury, had addressed a juror by his first name. The trial court admonished the jury to decide the case on the evidence and the instructions and to pay no attention to the remarks of the court or counsel not warranted by the evidence. In affirming, the Supreme Court said: "The practice of addressing individual jurors by name or of singling out a particular juror and personally appealing to him is improper. Declaring a mistrial for improper argument, however, rests in the sound discretion of the trial court. * * * Under the record, we do not think that the court abused its discretion * * *."

The conduct complained of does not meet with our approval, but we are abidingly convinced that the verdict of the jury was not influenced thereby, nor the result of any passion

or prejudice because of it. The trial court heard all the arguments and overruled the objection, and was in a much better position than this court to rightly determine the matter. State v. Wilson, 157 Iowa 698, 723, 141 N.W. 337.

As said in State v. Caringello, 227 Iowa 305, 308, 288 N.W. 80, 82: "The test in a matter of this kind is whether the alleged misconduct was so improper as to prejudice the jury against the defendant and deprive him of a fair trial. In ruling upon such matters a broad, judicial discretion is invested in the trial judge."

We have so held many times. See State v. Cooper, 169 Iowa 571, 578, 151 N.W. 835; State v. Haffa, 246 Iowa 1275, 1283, 71 N.W.2d 35, 40; State v. Jensen, 245 Iowa 1363, 1368, 66 N.W.2d 480, 482; State v. Warren, 242 Iowa 1176, 1189, 47 N.W.2d 221; State v. Thomas, 135 Iowa 717, 729, 109 N.W. 900; State v. Leek, 152 Iowa 12, 17, 18, 130 N.W. 1062.

VI. Appellant also contends that the minority of Darrell Garrelts was not established by evidence that he was under the age of twenty-one years, but it was also incumbent on the State to prove that he was unmarried. This proposition is raised for the first time in this court. It was not a ground of his motions for a directed verdict, and the question was never presented to the trial court at any time in any way. As already noted herein, purported errors not raised in the trial court cannot be considered for the first time on appeal to this court.

However, his contention has no merit in itself. Evidence that the purchaser was not twenty-one at the time he bought the beer made a prima-facie case of minority without any further showing that he was unmarried. This proposition was urged in State v. Mulhern, 130 Iowa 46, 47, 48, 106 N.W. 267, 268. The court said: "Conceding, as we may for the purposes of the case, that proof of marriage would have operated to remove the prohibition of the statute, still we think the contention of defendant without merit. Proof that the purchaser was in fact under 21 years of age made a prima-facie case of minority. It was for the defendant to bring forward the proof necessary to take the case out of the rule, and this he failed to do. Sayre v. Wheeler, 31 Iowa 112."

Appellant has had a fair trial. The record definitely sustains his conviction. The judgment is—Affirmed.

All JUSTICES concur.