CITY OF DES MOINES, appellant, v. KENNETH LEE REISMAN, appellee.

No. 49137.

(Reported in 83 N.W.2d 197)

MAY 7, 1957.

I. Joel Pasternak, Assistant City Solicitor, of Des Moines, for appellant.

SMITH, J.—Section 9–28 of the 1954 Des Moines Municipal Code provides in part: "* * * it shall be unlawful for a person *under twenty-one years of age* to be in, or for any person to permit a person under the age of twenty-one years to be in, a place where beer is sold unless the major portion of the business conducted by the permit holder is other than the sale of beer and the sale of beer is merely incidental thereto." (Emphasis supplied.)

Defendant was on July 14, 1956, in a tavern on East Thirtieth Street in the City of Des Moines, with two companions who so testified upon trial of defendant charged with violation of said ordinance. Defendant himself testified "I am twenty years old. I was twenty years old on April 3. I was married on June 16, 1956 * * *. My wife lives with me and is now present in the courtroom." He made no denial of the factual charge and testimony against him.

He was acquitted in Municipal Court, the decision being based on section 599.1 of the Iowa Code, 1954, which provides: *"The period of minority* extends to the age of twenty-one years, but all minors attain their majority by marriage, and females, after reaching the age of eighteen years, may make valid contracts for marriage the same as adults." (Emphasis supplied.)

Thereupon the City appealed to the district court with the same result and has now appealed to this court, being desirous of getting a final pronouncement upon the validity of its ordinance. Defendant-appellee has not appeared and of course, being acquitted, will not be affected by a decision either way.

We have the one single, legal proposition: Is the city ordinance applicable to and enforceable against a married person "under twenty-one years of age?" But it involved several inquiries: 1. Does Code section 599.1 or any other section operate to emancipate by reason of marriage in cases of this kind? 2. Is it within the city's police power, regardless of the question of emancipation, to deny married people under twenty-one access to taverns? 3. Does the language of the ordinance apply to such married people?

Defendant has filed no brief and written argument. But the abstract sets out for our assistance the district court's ruling and the relevant cited statutes and considerations leading to the court's conclusion: "That it was not the intention of the legislature to permit cities and towns to pass an ordinance making it illegal for a married person under the age of twenty-one years to enter a tavern * * * and the ordinance * * * cannot be sustained as a legitimate exercise of police power * * * to the extent that it prohibits married persons * * * to be in taverns * * *."

The trial court also refers to Code sections other than 599.1 which we shall mention later.

I. Code section 599.1 is found in Title 28 of the Code which deals with the subject of "Domestic Relations" and in the chapter on "Minors." The chapters in the Title cover "Marriage", "Physical Requirements for Marriage License", "Husband and Wife", "Divorce and Annulment of Marriages", "Minors" and "Adoption."

Its interest for us here is its provision that "all minors attain their majority by marriage." But unfortunately for defendant's contention the majority it speaks of is of a quite different sort. The only case we find in Iowa remotely involving a contention that marriage had resulted in majority for purposes of criminal or juvenile jurisdiction is McPherson v. Day, 162 Iowa 251, 144 N.W. 4. The contention was denied.

It serves to show Code section 599.1 does not define "majority" for cases of this sort. In this, Iowa agrees with the weight of authority. See annotations 19 A. L. R. 616; 49 A. L. R. 402; Jones v. Jones, 63 App. D. C. 373, 72 F.2d 829, 95 A. L. R. 352; In re Emma Bagley Hook, 95 Vt. 497, 115 A. 730, 19 A. L. R. 610.

We find the Montana court in State ex rel. Foot v. District Court, 77 Mont. 290, 292, 250 P. 973, 974, 49 A. L. R. 398, says: "Although marriage may, and under our statute does, emancipate a child from parental authority, it has otherwise little effect (Bool v. Mix, 17 Wend. (N.Y.) 119, 31 Am. Dec. 285), the disabilities of infancy remain in the absence of express statutory provision (31 C. J. 1009); in other words,

while marriage releases a child from parental authority, it does not change the status of the child from that of a minor to that of an adult, within the meaning of statutes defining those terms, unless some statute expressly so provides (see Trammell v. Trammell, 20 Tex. 406; Taunton v. Plymouth, 15 Mass. 203; Austin v. Austin, 167 Mich. 164, 132 N.W. 495, Ann. Cas. 1913A, 545)." See 43 C. J. S., Infants, section 29; 27 Am. Jur., Infants, section 5, note 7, page 749.

 It is to be said the ordinance, quoted and involved here, even avoids use of the terms "minority" and "majority": "It shall be unlawful for a person *under twenty-one years of age* * * *." The ordinance certainly does not indicate the City meant the terms "minority" and "majority" as used in the Code section (599.1, supra). It does not profess to make it unlawful for a *minor*, as such, to be in a tavern. It is not because he is a *minor*, but because he is under *"twenty-one."*

We are cited to no decision of this court (nor for that matter to a decision from any other state) applying the statutory or common-law civil concepts of minority and emancipation to criminal cases. Certainly defendant, by marriage, did not cease to be a "person under twenty-one years of age."

II. The district court cites three other Code sections, 123.43, 124.20 and 124.34, in another part of the Code relating to Alcoholic Beverages, the first found in the "Iowa Liquor Control Act", the other two in the chapter on "Beer and Malt Liquors."

Section 124.20 (paragraph 3) provides: "It shall be unlawful * * * for any *minor* to buy or attempt to buy or to secure or attempt to secure beer from any person * * *"; and section 124.34 (in the same chapter): "Cities and towns are hereby empowered to adopt ordinances for the enforcement of this chapter * * * and are empowered to adopt ordinances, not in conflict with the provisions of this chapter, governing any other activities or matters which may affect the sale and distribution of beer under Class 'B' permits and the welfare and morals of the community involved."

Code section 123.43 in the Liquor Control Act, on the other hand, forbids (with certain exceptions) the selling, giving or otherwise supplying of *"liquor to any such person under the*

*age of twenty-one years*" or knowingly permitting "any person *under that age to consume alcoholic liquors.*"

The court points out that under the "Beer and Malt Liquors" law the legislature refers to *minors* in its grant of power to municipalities to legislate; whereas in the "Liquor Control Act" no such legislative power is expressly given and the prohibition is to "*persons under the age of twenty-one years.*"

From these sections and section 599.1 the court deduces the legislature *meant* the word "minor" in the Beer and Malt law and the expression "person under the age of twenty-one" in the "so-called whisky statute" (meaning the Liquor Control Act) ; and concludes the intention, "examining the statutes with the view to reconciling them, and upon reading section 599.1 which is pari materia" was to forbid "supplying liquor to any person under the age of twenty-one years, and if the legislature in the beer statute had meant to forbid a person under twenty-one * * * to enter a place where beer is sold they (sic) would have said so in so many words, that is, used the expression 'under twenty-one years of age' " in section 124.20.

We cannot agree with this theory. We need not stress the difference in wording between the sections in chapters 123 and 124. Section 124.34 is broader in scope than such reasoning implies. It not only authorizes cities and towns to adopt ordinances "for the enforcement of this chapter not in conflict" therewith, but it expressly empowers enactment of ordinances "governing any other activities or matters which may affect * * * the welfare and morals of the community involved."

It would have been much easier, had the legislature so intended, and more simple and normal to have expressly provided in chapter 124 for emancipation by marriage for its purposes as was done for civil purposes in Code section 599.1.

Nor do we deem the ordinance in question here in "conflict with the provisions" of the Beer and Malt Liquors chapter 124, even in absence of the concluding broad authorization in section 124.34. The chapter contains no *limitation* upon the discretion of the municipal council or power of the city in regulation of the taverns without respect to the married status of minors who desire to enter them. Section 124.34 purports to grant but not to limit the municipal power of regulation.

III. We shall spend no time upon argument as to the wisdom of the ordinance, when applied to *married* persons under twenty-one years of age. Opinions differ—differ more emphatically, doubtless, as the dividing age line is reached. Certainly most persons will agree that "the welfare and morals of the community" at some point justifies exclusion of young persons from taverns.

Whether the test be the rigid common-law age of twenty-one, as in civil matters such as parental control, liability on contract, etc.; or whether the age test be further lowered by marriage or other manner of emancipation is within the sound discretion of the municipal council in its legislative capacity.

We find no abuse of discretion in the enactment of the ordinance. Marriage of persons at extremely early ages is not uncommon. Termination of the ban on entering taverns at the age some marry would be as unreasonable to some—perhaps most—as would be extending it to twenty-one for all. Unfortunately marriage is not always the "beginning of wisdom." The ordinance is valid.—Reversed.

BLISS, C. J., and GARFIELD, WENNERSTRUM, LARSON and PETERSON, JJ., concur.

HAYS, OLIVER and THOMPSON, JJ., dissent.

HAYS, J.—I respectfully dissent.

The ordinance in question provides: "It shall be unlawful for any person to sell * * * to any person under the age of twenty-one years or to permit any person under the age of twenty-one years to purchase or consume any beer on the premises of a permit holder. It shall be unlawful for any person under the age of twenty-one years to buy * * * beer from any person on the premises * * * and it shall further be unlawful for any person to offer beer * * * to any person under the age of twenty-one years except within the private home and only then with the knowledge and consent of the parent or guardian of such person under the age of twenty-one years. In addition thereto it shall be unlawful for a person under twenty-one years of age to be in, or for any person to permit a person under the

age of twenty-one years to be in, a place where beer is sold unless the major portion of the business conducted by the permit holder is other than the sale of beer."

The original enactment of what is now chapter 124, Code of 1954, entitled "Beer and Malt Liquors" was by chapter 37, Acts of the Forty-fifth General Assembly. Section 24 thereof provided "* * * No person shall furnish to any minor under twenty-one (21) years of age * * * any beer." The above-quoted provision was repealed by section 23, chapter 25, Acts Extra Session of 45th G.A., and in its place was enacted, "No person, except parent or guardian, shall furnish to any minor under twenty-one (21) years of age * * * any beer." Section 4, chapter 114, Acts 49th G.A., repealed the foregoing provision and in its stead enacted what is now paragraph 3 of section 124.20, Code of 1954. It provides as follows: "It shall be unlawful for any person to sell * * * to any minor or to permit any minor to purchase * * * any beer on the premises of a Class 'B' * * * permit holder, or for any minor to buy * * * beer from any person, and it shall further be unlawful for any person to offer beer * * * to any minor, except within a private home and with the knowledge and consent of the parent or guardian of said minor."

Section 599.1, Code of 1954, entitled "Period of minority" provides: "The period of minority extends to the age of twenty-one years, but all minors attain their majority by marriage * * *." This statute constituted the basis for the dismissal of the action in the Municipal Court and the affirmance of dismissal in the District Court. The majority opinion brushes aside this statute by saying that since it appears in the Title of the Code entitled "Domestic Relations" it refers only to civil matters. This broad assumption appears based upon the fact that it has arisen generally in civil cases. Never has this court, so far as I can find, held that the statute is so limited, and the majority opinion cites no such case. In fact, in De Sonora v. Bankers Mut. Cas. Co., 124 Iowa 576, 584, 100 N.W. 532, 104 Am. St. Rep. 367, Justice Ladd, speaking for the court, discusses the common-law rule of minority to the effect that full age in male or female is twenty-one years, and then says, "The common law

is modified by our statute [section 3188, Code of 1897, now section 599.1, Code of 1954] to the extent of declaring a female *adult* at eighteen years of age, and *all persons such upon marriage.*" (Italics ours.) In Boehm v. Rohlfs, 224 Iowa 226, 229, 276 N.W. 105, 107, it is said, "In this state the period of minority extends to the age of 21 years, but all minors attain their majority by marriage." No limitation or qualification of the statute is expressed. In McPherson v. Day, 162 Iowa 251, 144 N.W. 4, it is held that a specified age supersedes the question of minority in juvenile cases. In State v. Mulhern, 130' Iowa 46, 106 N.W. 267, an identical question with the instant case arose but was not determined as no evidence of marriage was offered, it being claimed the burden was on the State to negative any exception to the statute. This court held it was upon a defendant to prove the exception, not the State. See also State v. Ryerson, 247 Iowa 385, 73 N.W.2d 757. In 43 C. J. S., Infants, section 29, the rule is thus stated: "Marriage does not remove the disabilities of infancy unless it is so provided for by statute, and the extent to which such disabilities are removed is dependent on the statutes; * * *", and cites Boehm v. Rohlfs, supra, as an example of such removal of disabilities of infancy. Announcing the same general rule is 27 Am. Jur., Infants, section 5, citing De Sonora v. Bankers Mut. Cas. Co., supra, as an example of such a statute. See also annotations, 19 A. L. R. 616; 49 A. L. R. 402. An examination of every case cited in the majority opinion shows a different type of statute than our section 599.1, supra. I am firmly of the opinion that the mere terms of the statute, section 599.1, answers the question and shows the fallacy of the reasoning of the majority opinion.

There is still another ground upon which I base my opinion that section 599.1 applies, other than the decisions of this court. In the original Act, chapter 37, Acts 45th G.A., and under chapter 25, Acts Extra Session of 45th G.A., the legislature used the term "minor under twenty-one (21) years of age." By the use of these words in the Act the legislature used its own definition of a minor as applied to the beer statutes. By it a minor was a minor until he attained the age of twenty-one, section 599.1 notwithstanding. In line with a changing attitude

by the legislature, i.e., originally no one under twenty-one could be furnished beer; then by the Extra Session one under twenty-one could be furnished it with his parents' consent; under the present statute, chapter 114, Acts 49th G.A., the legislature removed its special definition of minor, applicable to the beer laws, by eliminating the words "under twenty-one" and used the term "minor", which is nowhere defined other than by section 599.1. Section 123.43, entitled "Minors", and appearing in the chapter of the Code entitled "Iowa Liquor Control Act", provides: "Except in the case of liquor given or dispensed to a person under the age of twenty-one years * * * no person shall sell * * * to any such person under the age of twenty-one years * * *." Here the legislature has stated a definite age limit of twenty-one. For like situations, see section 98.2 (cigarettes) and section 695.18 (dangerous weapons). I think the term "Minor" as used in the statute means minor as defined in section 599.1.

So far I have discussed the law as appears in the Code, chapter 124, as applicable to minors, and the ordinance as it applies to the same situation. I am fully aware of the fact that that part of the Code and of the ordinance are not directly involved, but to me the same is vital to a determination of the question at bar.

Appellant in its brief, if such it may be termed, as but one case is cited and it not in point, states, "The question of a 'minor' buying * * * is not before the court at this time. The question * * * is whether or not a municipality has power to enact an ordinance prohibiting a person under 'twenty-one years of age' from entering upon the premises where beer is sold."

Nowhere in chapter 124, or elsewhere in the Code, to my knowledge, has the legislature ever prohibited a minor (unmarried and under twenty-one) from entering a Class "B" tavern. The only reference to a minor, other than as to sale or purchase, is found in section 124.21, which prohibits a minor from serving beer in a place of business of a permit holder unless the beer business is incidental to its other business, an exception recognized by the ordinance.

Authority for the ordinance is asserted under section 124.34 of the Code which provides in part, "Cities and towns are hereby

empowered to adopt ordinances for the enforcement of this chapter * * * and are empowered to adopt ordinances, *not in conflict with the provisions of this chapter,* governing any other activities or matters *which may affect the sale and distribution of beer* under Class 'B' permits and the welfare and morals of the community * * *." (Italics ours.)

The power to pass ordinances is subject to the statutory limitation that such must not be inconsistent with the laws of the state and may not contravene the policy of the state as expressed in its legislation, Town of Randolph v. Gee, 199 Iowa 181, 201 N.W. 567, and the general test is whether the ordinance prohibits an act which the statute permits or permits an act which the statute prohibits, Towns v. City of Sioux City, 214 Iowa 76, 241 N.W. 658. Appellant says the ordinance does not conflict with section 124.20 for the reason that the statute concerns itself with the sale and distribution of beer and not with the problem of who may or may not be allowed to enter upon the premises where beer is sold, as does the ordinance. In fact, appellant, in argument, states, "There is nothing in chapter 124 * * * that specifically permits a married person under twenty-one years of age to go in or upon the premises where beer is sold (a tavern). It therefore must follow that there does not exist any conflict." Such a contention is, to me, not tenable. If this contention is sound, what (so far as the question of conflict with the statute is concerned) would prevent an ordinance barring all females from places where beer is sold, or making it illegal for any person to be in a place where beer is sold, as nowhere does chapter 124 specifically permit anyone, male or female, single or married, infant or adult, to be in such a place.

Chapter 124 authorizes the sale of beer and malt beverages, under the conditions and restrictions therein imposed. Upon the payment of a fee and the meeting of other requirements, a person under a Class "B" permit may sell beer. Section 124.12. The permit is issued only for a stated place of business. There is no provision naming those to whom sales may be made, only as to whom sales may not be made, i.e., minors. It necessarily follows that authorization to sell beer carries the right to sell to all nonrestricted persons—which in turn must mean such non-

restricted persons must of necessity be on the premises to purchase. Such is the legislative policy expressed in chapter 124, and, if I am correct in my view as to the effect of section 599.1, then that portion of the ordinance under examination is invalid. It is an attempt to do by indirection what may not be done directly. Persons entitled under the state law to purchase beer are subjected, under the ordinance, to criminal prosecution for attempting to exercise that right.

Under Division III the majority opinion says, "Whether the test be the rigid common-law age of twenty-one * * * or whether the age test be further lowered by marriage * * * is within the sound discretion of the municipal council in its legislative capacity." In other words, irrespective of the state law, the municipality may do as it pleases, within the limits of sound discretion. Conceding all that is said about morals, hasty marriages, etc., the question is strictly one of judicial interpretation of statutes. I think the majority opinion is illogical and unsound. The trial court's judgment correctly construed the statutes and should be affirmed. I would affirm.

OLIVER and THOMPSON, JJ., join in this dissent.