STATE OF IOWA, appellee, v. CHARLES R. GARMAN, appellant.

No. 49529.

(Reported in 93 N.W.2d 105)

NOVEMBER 18, 1958.

Life & Davis, of Oskaloosa, for appellant.

Norman A. Erbe, Attorney General, Hugh V. Faulkner, Assistant Attorney General, and Charles H. Scholz, County Attorney of Mahaska County, for appellee.

LINNAN, J.—This is a criminal case. Defendant was convicted of the offense of offering beer to a minor, one David Howe, contrary to the provisions of section 124.20 of the 1954 Code of Iowa.

The facts are not in dispute. It appears that on September 27, 1957, the said David Howe, then twenty years of age, but a married man, went to the tavern operated by the defendant and there purchased and was sold one six pack of beer.

There is but one issue in this case. Appellant contends that under the terms and provisions of section 599.1 of the 1954 Code of Iowa the said David Howe attained his majority by marriage and was not a minor at the time of said purchase and by reason thereof section 124.20 did not apply to him.

A motion for a directed verdict made by the defendant was overruled, the trial court relying largely upon the case of City of Des Moines v. Reisman, 248 Iowa 821, 83 N.W.2d 197. Appellant complains of this ruling, as well as the giving of certain instructions to the jury.

Section 599.1, 1954 Code of Iowa, provides: "The period of minority extends to the age of twenty-one years, but all minors attain their majority by marriage, * * *." Section 124.20, 1954 Code of Iowa, provides in part: "* * * It shall be unlawful for any person to sell, give or make available to any minor

or to permit any minor to purchase or consume any beer on the premises of a class 'B' or class 'C' permit holder, or for any minor to buy or attempt to buy or to secure or attempt to secure beer from any person, and it shall further be unlawful for any person to offer beer, with or without consideration, to any minor, * * *."

The specific question before this court is whether or not section 124.20 applies to a married person under twenty-one years of age.

■ This court had occasion to consider this question in the recent case of City of Des Moines v. Reisman, supra, involving the validity of a certain ordinance, where the facts were quite similar to the case at bar. There the defendant was married and under the age of twenty-one years of age and was arrested for violating an ordinance making it unlawful for a person under twenty-one years of age to be in a place where the sale of beer is the major portion of the business, or in plain words, a tavern. The trial court held the ordinance invalid but this was reversed upon appeal. It is true that in that case the ordinance therein involved contained the specific words, " 'under twenty-one years of age' ", whereas section 124.20 simply refers to minors. However, the logic and reasoning in that opinion, as well as the authorities cited in support thereof, compel us to the conclusion that section 599.1 does not apply to criminal cases and that, therefore, section 124.20 must be construed to apply to all persons under twenty-one years of age whether married or not. The purpose and intent of this statute is to prohibit the sale of beer to all persons of immature age. A married person fifteen or sixteen years of age is to our mind just as immature as one who is not married. Section 124.20 is in the nature of a public welfare act. We are impressed by the reasoning of the court in the case of State ex rel. Johnson v. Wiecking, 200 Minn. 490, 491, 274 N.W. 585; Annotation, 14 A. L. R.2d 338, where it was held:

"But marriage does not remove the parties thereto from the operation of the general laws of the state enacted in the interest of public welfare. *No one would claim that marriage now frees either party from the penal laws of the state.* True

enough, laws respecting dependent, neglected, or delinquent children are not designed for punishment, but their purpose is the welfare both of the child and the public. To achieve this purpose it is as essential for the protection and welfare of both the child and the public that marriage should not exclude the child from the benevolent operation of the law." (Emphasis added.)

This position finds support in the case of McPherson v. Day, 162 Iowa 251, 144 N.W. 4. The cases from other jurisdictions quite generally agree. See authorities cited in the Reisman opinion, supra. Particularly in point is the case of State ex rel. Foot v. District Court, 77 Mont. 290, 292, 250 P. 973, 974, 49 A. L. R. 398, 399, where the court said:

"While the Washington statute on majority provides that the marriage of a female under eighteen years of age to one of full age has the effect of making such female of full and lawful age, the supreme court of that state, nevertheless, held that 'a girl under eighteen years of age is within the purview of the juvenile law and within the jurisdiction of the juvenile court, notwithstanding her prior marriage to a person of full age', saying: 'The statute referred to, * * * in removing the disabilities of minority does not use the words "for all purposes" which we are asked to read into it. That statute merely removes the common-law disabilities of minority. It was never intended to prohibit a classification of minors for the purpose of legislation, nor to limit the meaning of the word "minor" in Acts relating the minors as a class without that exception.' Re Lundy, 82 Wash. 148, 143 Pac. 885, Ann. Cas. 1916E, 1007."

A Missouri statute provides that a dramshop keeper who shall sell intoxicants to a minor without his parents' written consent shall forfeit a certain sum and makes every dramshop keeper violating such provision guilty of a misdemeanor. In construing this statute the Missouri court in the case of State v. Seiberling, 143 Mo. App. 318, 127 S.W. 106, held that the fact that a minor to whom liquor was sold without his parents' consent was married and the head of a family would not prevent a conviction.

█ It is, therefore, our conclusion that although the wording of section 124.20 is not as specific and clear as the wording of the ordinance involved in the Reisman case we should follow the reasoning of the majority opinion in the Reisman case and hold that emancipation by marriage as provided for in section 599.1 applies only to the civil concepts of minority and emancipation and not to criminal cases. The case is, therefore, affirmed. —Affirmed.

GARFIELD, C. J., and BLISS, WENNERSTRUM, LARSON, and PETERSON, JJ., concur.

OLIVER and THOMPSON, JJ. (concurring specially)—The rule of stare decisis impels us to concur in the foregoing opinion.

HAYS, J., dissents.