STATE of Iowa, Appellee,

v.

Wiley FRANKLIN, a/k/a Wiley Cannon, Appellant.

No. 53205.

Supreme Court of Iowa.

Dec. 10, 1968.

Walter W. Rothschild, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., William A. Claerhout, Asst. Atty. Gen., and Roger Peterson, Black Hawk County Atty., for appellee.

RAWLINGS, Justice.

Charged by county attorney's information with the crime of aggravated robbery in violation of Code section 711.2, defendant entered a not guilty plea, trial to jury resulted in a verdict finding him guilty of the offense charged, and from judgment accordingly entered, he appeals. We affirm.

The record discloses that about 3:45 A. M., September 28, 1967, two men entered the Holiday Inn in Cedar Falls, and asked for accommodations. When told by Wesley Newman Jones, attendant, none were available, one of the men, later identified as Albert Parham, produced a gun and demanded money. Mr. Jones placed $84.50 in a bag, handed it to Parham, and he in lifting the gun from the counter top caused it to be fired. The bullet lodged in a wall.

Parham and his companion, also later identified as defendant, then left. Mr. Jones reported the robbery and within one-half hour the police stopped a car driven by Eddie Eugene Scott, the other occupants being defendant, Parham and James Hendrix.

The officers then found in the automobile a green sack containing $84.50. The men were all searched but no weapons found. Later a revolver was discovered about 8–10 feet from where the Scott operated car had been stopped.

As a witness for the state, Scott testified, inter alia, he drove the car containing his three companions to the Holiday Inn, that he and Hendrix remained in the automobile while defendant and Parham entered the place. They were gone about five minutes, returned, entered the vehicle, and he drove away not knowing what had taken place.

Errors asserted by defendant on appeal are, trial court erred in (1) refusing a requested preliminary hearing; (2) failing to instruct the jury as to certain claimed lesser and included offenses; (3) giving instruction 3; and (4) giving instruction 5.

I. As best we can determine from the record a preliminary information was originally filed, defendant accordingly taken before a magistrate, and time for hearing prescribed. Thereafter he was charged by county attorney's information, and prior to trial moved that the court grant him a preliminary hearing. This motion was overruled. That ruling is challenged.

Basically a preliminary hearing relates only to legality of detention of one accused of a felony or indictable misdemeanor before he has been charged by either information or indictment. Code chapters 761, 769, and 773. See also Morford v. Hocker, (9 Cir.), 394 F.2d 169, 170; 22 C.J.S. Criminal Law §§ 300–301, pages 790–791; 21 Am.Jur.2d, Criminal Law, sections 442–443, pages 445–447; and 51 Iowa L.Rev. 164.

Defendant contends failure to accord him a preliminary hearing violated his constitutional rights, specifying neither the constitution or provision thereof on which he relied.

Little or nothing is to be gained by discussing the sufficiency of this generalized complaint.

In State v. Collins, Iowa, 152 N.W.2d 612, 614–615, this court had occasion to consider the problem at hand and there held, no preliminary hearing is necessary or constitutionally required when a county attorney's information has been filed. See also Ferrell v. Warden, Maryland, 241 Md. 432, 216 A.2d 740, 742–743.

■ We now hold an accused is not entitled to a preliminary hearing even though it has been scheduled prior to the filing of an information or return of indictment charging him with the same offense. Such a proceeding would ordinarily be an idle and useless gesture.

II. Trial court instructed the jury relative to robbery with aggravation and robbery.

Defendant claims the court erred in not giving instructions requested on assault with intent to rob, assault with intent to do great bodily injury, larceny, and assault and battery.

The following relevant statutes provide:

Section 711.1—"If any person, with force or violence, or by putting in fear, steal and take from the person of another any property that is the subject of larceny, he is guilty of robbery, and shall be punished according to the aggravation of the offense, as is provided in sections 711.2 and 711.3."

Section 711.2—"If such offender at the time of such robbery is armed with a dangerous weapon, with intent, if resisted, to kill or maim the person robbed; or if, being so armed, he wound or strike the person robbed; or if he has any confederate aiding or abetting him in such robbery, present and so armed, he shall be imprisoned in the penitentiary for a term of twenty-five years."

Section 711.3—"If such offender commits the robbery otherwise than is mentioned in section 711.2, he shall be imprisoned in the penitentiary not exceeding ten years."

State v. McCall, 245 Iowa 991, 997, 63 N.W.2d 874, 877, deals with the subject matter at hand, and we there stated: "The rule is that two factors must combine to require the submission to the jury of the included offense: (1) The so-called included offense must be *necessarily included* in the offense charged, and (2) the record must contain evidence justifying a finding by the jury of such included charge, rather than of some higher offense."

In State v. Merrill, 242 Iowa 1156, 1160, 49 N.W.2d 547, this court was confronted with factual conditions similar to those presented in the case at bar, and we there quoted this from State v. Marshall, 206 Iowa 373, 220 N.W. 106: "* * * the evidence must justify the submission of the included offense [also] that where, under the evidence, the defendant is clearly guilty of the offense charged, or not guilty at all, it is not error to fail to give instructions with reference to included offenses."

There follows this conclusion: "Applying these established legal principles to the facts * * *, we think the trial court, by submitting the included offense of robbery without aggravation, gave appellants, to say the least, all that they were entitled to."

State v. Clough, 259 Iowa 1351, 147 N.W.2d 847, involved a charge of aggravated burglary. On trial to jury the court instructed on that offense, and burglary. As in the case at hand defendant was found guilty of the more serious crime and appealed claiming, among other things, error in failing to instruct relative to crimes of a lesser nature than robbery. We affirmed, stating, loc. cit., 259 Iowa 1361, 147 N.W. 2d 853: "Since a choice was given to select a lesser offense than that charged and the jury refused to do so, we conclude there was no prejudice in the failure to submit still lesser offenses, * * *." See also State v. Yanda, 259 Iowa 970, 146 N.W.2d 255.

■ Trial court, in refusing to instruct on offenses of a lesser nature than robbery found, the only evidence presented reveals a robbery occurred, a gun was used, and defendant is guilty of robbery with aggravation, or robbery, or is not guilty of any offense. We agree.

The jury was given three choices: guilty of aggravated robbery, robbery, or innocent.

The verdict returned discloses error, if any, was without prejudice.

III. At time of trial defendant took exceptions to *proposed* jury instruction 2, here for the first time voicing objection to instruction 3.

■ Ordinarily matters not raised in the trial court, including constitutional questions, cannot be effectively asserted the first time on appeal. State v. Everett, Iowa, 157 N.W.2d 144, 148. See also State v. LaMar, Iowa, 151 N.W.2d 496, 503–504.

■ And objections made as to any instruction must specify the ground of error or irregularity relied upon. Code section 780.35; rule 196, R.C.P.; and State v. Bamsey, 208 Iowa 796, 800–801, 223 N.W. 873, cert. den. 280 U.S. 595, 50 S.Ct. 40, 74 L.Ed. 642.

■ Furthermore, an accused desiring additional or more specific instructions must make timely request therefor. State v. Hardesty, Iowa, 153 N.W.2d 464, 471, and State v. Fiedler, Iowa, 152 N.W.2d 236, 240–241.

■ Also in State v. Schmidt, 259 Iowa 972, 979, 145 N.W.2d 631, cert. den. 386 U.S. 965, 87 S.Ct. 1046, 18 L.Ed.2d 115, this court held, exceptions to instructions must be made as given in their final form.

■ On the other hand we said in State v. Hochmuth, 256 Iowa 442, 444, 127 N.W.2d 658, 659: "Code section 787.3, paragraphs 5 and 7, I.C.A., permits objections to instructions in a criminal case to be raised in the motion for new trial. Objections need not be made before the instructions are read to the jury, as in a civil case. State v. Faught, 254 Iowa 1124, 1131, 120 N.W.2d 426, 430, and citations."

■ But here defendant interposed no motion for new trial, leaving the record stand as made in course of trial. See in this regard Code section 787.3(5) (7).

State v. LaMar and State v. Schmidt, both supra.

■ Unquestionably all instructions must be considered as a whole and read in relation to their context, not separated and treated piecemeal. State v. Hardesty, Iowa, 153 N.W.2d 464, 471.

Instruction 2 states, in material part: "A reasonable doubt may arise from the evidence in the case or it may arise from a lack or failure of evidence, * * *."

This was followed by instruction 3, the challenged portion of which provides: "The proof is sufficient to sustain a conviction if it established the guilt of the defendant to a moral certainty; and if under all the instructions given you by the Court you find that the evidence in this case fully and fairly satisfied your minds to a moral certainty that the defendant is guilty, *and you have no doubt of his guilt because of any evidence in the case or any lack of evidence in the case,* then you are warranted in returning a verdict that the defendant is guilty." (Emphasis supplied.)

■ Of course, *guilt* cannot be foundationed upon lack or absence of evidence. But *reasonable doubt* may arise from evidence presented as well as absence thereof. See State v. Shipley, 259 Iowa 952, 960–963, 146 N.W.2d 266; State v. Perry, 246 Iowa 861, 868–869, 69 N.W.2d 412; and State v. Blackburn, 237 Iowa 1019, 1024, 22 N.W.2d 821.

In view of the fact instructions 2 and 3 bear some degree of relationship the latter has, entirely as a matter of grace, been carefully considered in the light of others given. See State v. Ryerson, 247 Iowa 385, 391, 73 N.W.2d 757, 55 A.L.R.2d 1190.

Though instruction 3 can hardly be classified as a model of clarity it still clearly confines the matter of absence of evidence to reasonable doubt, not guilt.

We therefore find the error here claimed by defendant to be without merit.

IV. As aforesaid defendant also challenged proposed instruction 5. Although

the objection then made is not as asserted on appeal, we entertain it now for all the reasons stated supra.

 By that directive the jury was advised, in part: "To aid and abet means to assent to an act, to lend to it countenance and approval * * * or by being present at and during the commission of the act or acts or by some manner aiding, advising, and encouraging it. The mere presence of a person at the place where a crime is being committed is not of itself sufficient to constitute such person as an aider or abettor in the commission of a crime."

It must be conceded mere presence at the scene of a crime is not sufficient to make one an aider or abettor. State v. McClelland, Iowa, 162 N.W.2d 457, opinion filed November 12, 1968, and State v. Daves, 259 Iowa 584, 586, 144 N.W.2d 879.

By lifting from context and according the instruction a strained interpretation it does say aiding and abetting may be shown "by being present at or during the commission of the act or acts".

But when fully and fairly construed it more accurately states, in substance, to aid and abet means to assent to an act, to lend it countenance and approval by being present, but mere presence alone is not sufficient to make one an aider and abettor. See Des Moines Etc. Distrs., Inc. v. Drewrys Ltd., 256 Iowa 899, 912–913, 129 N.W.2d 731; and Skalla v. Daeges, 234 Iowa 1260, 1270, 15 N.W.2d 638.

Also, with regard to the foregoing this court said in State v. Davis, 244 Iowa 400, 405, 56 N.W.2d 881, 884: "* * * where the claimed error consists of an attack on a limited portion of an instruction which, if standing alone, might be misleading, it is not sufficient to constitute reversible error." And see State v. Jiles, 258 Iowa 1324, 1336–1338, 142 N.W.2d 451.

This does not mean instruction 5 is looked upon with favor or should be employed as a pattern.

We merely find that given a fair interpretation it cannot be held prejudicially erroneous.

Affirmed.

All Justices concur, except MASON, J., who concurs in the result.